## CIRCUIT COURT OF LANCASTER COUNTY

Hubbard Insurance Agency, Inc.

v.

Walter Garrett et al.

April 1, 1993

By Judge Joseph E. Spruill, Jr.

On February 2, 1971, Hubbard Insurance Agency, Inc., docketed a confessed judgment obtained by its attorney-in-fact against Walter Garrett, Kate L. Garrett, and Lawson A. Garrett in the principal amount of $7,207.92, with interest and costs. No part of this judgment has been paid.

Virginia Code § 8.01–438 imposes upon the clerk the duty within ten days from the entry of the judgment to cause to be served upon the judgment debtors a certified copy of the order of judgment to which shall be appended a notice setting forth the provisions of § 8.01–433 (which informs the judgment debtor how the judgment may be set aside). The officer who serves the order shall make return thereof within ten days after service to the clerk, who shall promptly file the order with the papers in the case. *The failure to serve a copy of the order within sixty days from the date of entry shall render the judgment void as to any debtor not so served.*

The court file in the case shows that the clerk caused the required notice of the confessed judgment and the certified copy thereof to be transmitted to the sheriff for service upon the defendants. A check for the service fee was attached. Neither the file nor the judgment lien docket book shows any return of service on any of the defendants, and there is no certificate of mailing in the file.

The question presented is whether Hubbard's judgment is a valid lien.

Counsel for Hubbard contends that there is a presumption that public officers, in this case the sheriff, discharge their duties in a regular and legal manner and, in support of this position, cites the West Virginia case of *Roe v. M & R Pipeliners, Inc.*, 202 S.E.2d 816 (W. Va. 1973). His theory is that this presumption of regularity compels the court to make the logical inference that process having been issued by the court, the sheriff made the requisite service and the judgment is valid, notwithstanding the absence of any return of service in the file or notation thereof by the clerk at the place where the judgment is docketed. In other words, we are asked to find that there was compliance with the statute, notwithstanding the absence of any evidence that there was compliance.

On the one hand, we have here evidence negating compliance with the statute: absence of any return of service in the file, and the fact that the check for service fees to the sheriff was not negotiated. On the other, we have only the presumption. In effect, Hubbard asks that we substitute a presumption for evidence. The West Virginia Court in *Roe* quotes Dean Prosser:

> The writers . . . seemed to have agreed that in any case a presumption, as a rule of law, applied in the absence of evidence, is not itself evidence and can no more be balanced against evidence than two and a half pounds of sugar can be weighed against half past two in the afternoon. (Page 820.)

We conclude that even though there may be a strong presumption that the sheriff did his duty, this, standing alone, is not sufficient. Were there some evidence that the sheriff did what he was supposed to do (as was the case in *Roe*), the presumption should be accorded more weight.

In nearly every case, the rights and liabilities of litigants can be adjudicated only after proper notice to them. To indulge the presumption that serving officials always do their duty and that nothing more is required would create an untenable situation. At best, it would put at risk a fundamental right of all litigants to have proper notice that litigation involving them is going on.

Accordingly, we conclude that the requirements of § 8.01–438 have not been complied with in that there is no showing that a copy of the order was served upon the judgment debtors within the allotted time. Therefore, the judgment is void.

The risk of a voidable judgment can be effectively addressed by the judgment creditor checking to assure compliance with the statutes. The judgment debtor who has no notice is denied the opportunity to contest the validity of the judgment. Thus, the reasons, logic, and equity of these statutes are understood. Strict compliance should be expected.