## CIRCUIT COURT OF FAIRFAX COUNTY

Trimark Partners, L.L.C.

v.

HST, L.L.C.,
William C. Harrison,
and Frank Smerbeck

July 3, 1996

Case No. (Law) 138962

BY JUDGE STANLEY P. KLEIN

Defendants HST, L.L.C., William C. Harrison, and Frank Smerbeck move this Court to set aside a judgment in favor of Trimark Partners, L.L.C., in the sum of $450,000, plus interest, which Jimmie D. Mitchell confessed against them in the Clerk's Office of the Circuit Court of Fairfax County. The Court has considered the evidence presented, the written and oral arguments of counsel, and the applicable authorities. For the reasons set out in this letter opinion, the Motion to Set Aside Confessed Judgment is granted as to Harrison but is denied as to HST and Smerbeck.

On December 21, 1994, Smerbeck, individually, and upon behalf of HST, executed a Note and Security Agreement (the Note) to the order of Trimark in the sum of $450,000, plus interest. On December 29, 1994, Harrison executed an Allonge to Note and Security Agreement (the Allonge) whereby he consented to the obligations memorialized by the Note.

On February 21, 1995, Mitchell confessed judgment against Smerbeck, HST, and Harrison, based upon the provisions of the Note and Allonge. Service of the order confessing judgment was effected on each of the defendants on April 7, 1995, within the sixty day period mandated by Va. Code § 8.01-438. Defendants filed a Motion to Set Aside Confessed Judg-

ment on April 21, 1995. In their motion, defendants alleged *inter alia* that they did not owe the sum claimed by plaintiff and that the parties had reached a settlement agreement.[1] At the hearing on the Motion to Set Aside, Harrison further argued that he never authorized Mitchell to act as his attorney in fact and, as a result, the judgment by confession against him is void.

Trimark contends (1) that the Motion to Set Aside was not timely filed because the evidence establishes that the defendants had notice of the confessed judgment more than twenty-one days before the filing of the Motion To Set Aside and (2) that even if this Court were to determine that the Motion to Set Aside was timely filed, defendants have not established any basis for a defense to the judgment at the hearing conducted by the Court.

Va. Code § 8.01-435 sets out how a person, other than the debtor, may confess judgment against the debtor.

> Confession of judgment under the provisions of § 8.01-432 may be made either by the debtor himself or by his duly constituted attorney-in-fact, acting under and by virtue of a power of attorney duly executed and acknowledged by him as deeds are required to be acknowledged, before any officer or person authorized to take acknowledgments of writings to be recorded in this Commonwealth . . . .

Trimark asserts that Harrison's execution of the Allonge authorized Mitchell to confess judgment against him. The Court disagrees. Although the Note was executed and acknowledged before an officer authorized to take acknowledgments of writings, the Allonge was not. As Harrison never signed the Note, he could not have appointed Mitchell as his attorney-in-fact as required by this statute.

> [T]he entire procedure for confession of judgment by an attorney-in-fact is predicated upon, and presupposes a *valid authorization* in a note or bond containing the cognovit clause. Without such authorization the attorney-in-fact is without au-

---

[1] By order entered March 22, 1996, Trimark's motion in limine to preclude consideration of a subsequent motion to set aside, prepared by a different attorney, was granted. No such motion is in the Court's file. Moreover, no exception was taken to Judge Stevens' ruling. As a result, that purported motion will not be considered herein.

thority to act and the Court is without jurisdiction to enter judgment.

*Pate v. Southern Bank and Trust*, 214 Va. 596-98 (1974). As the Court had no jurisdiction to enter a judgment against Harrison, the confessed judgment against him is void and is therefore set aside.[2]

Va. Code § 8.01-433, sets out the time frame for the filing of a motion to set aside a confessed judgment.

> A confessed judgment may be set aside upon motion . . . made within twenty-one days following *notice* to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground *which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note*, bond or other evidence of debt upon which such judgment was confessed. Wherever any such judgment is set aside or modified the case shall be placed on the trial docket of the court . . . . [emphasis added].

This *notice* requirement is contrary to the necessity for *service* of lawsuits set out in Va. Code § 8.01-296. In addition, it differs from the requirement in Code § 8.01-438 that the clerk of the court cause a copy of the confessed judgment order to be *served* on the judgment debtor. Therefore, in determining whether the defendant's Motion to Set Aside was timely, this Court must determine when the defendants received notice of the judgment, not when the judgment order was served on them.

On February 22, 1995, Robert H. Smallenberg, counsel of record for the defendants in this cause, forwarded a letter to Mitchell outlining what he believed to be a preliminary statement of an agreement between Harrison, his wife, Mitchell, and others.[3] In that letter, Smallenberg specifically referred to the terms of the Note and a requirement that Mitchell "release your confessed judgment." Harrison received a copy of that letter and has admitted in this action that Smallenberg was his attorney on February 22, 1995. Settlement discussions between the parties continued and on April 5, 1995, Mitchell, on behalf of Trimark, wrote to Smerbeck. In this April 5,

---

[2] The wording of the Allonge limited Harrison's obligation to the collateral pledged in the Note, which further belies Trimark's position that Mitchell was authorized to confess judgment against Harrison for $450,000 plus interest.

[3] Defendant's Exhibit # 3.

1995, correspondence,[4] Mitchell stated "on or about February 20, 1995, judgment was confessed against you and HST, L.L.C., in the amount of $450,000. You were immediately notified that such judgment was taken." Smerbeck, both individually and on behalf of HST, endorsed that letter stating, "I agree with the terms of this letter."

Based upon this evidence, the Court finds that the defendants had notice of the confessed judgment against them more than twenty-one days before the filing of their Motion To Set Aside. Consequently, the motion was not timely filed and must be denied as to HST and Smerbeck on that basis.

Even if this Court were to have ruled that the motion was timely filed, the result would be no different. In order to set aside a confessed judgment, a court must find that the defendant has presented an adequate defense to the claim. The Virginia Supreme Court has never defined "adequate defense" in this context. Relying on the decisions in *FWB Bank v. R.S.Q. Assoc.*, 31 Va. Cir. 74 (1993), and *NationsBank v. Sarelson*, 31 Va. Cir. 544 (1992), defendants argue that "it is sufficient if the pleadings on their face assert an adequate defense." *Id.* at 545. As their Motion To Set Aside alleges that they did not then owe the amount sought, they claim they are necessarily entitled to relief and a trial on the merits. This Court disagrees. To allow a confessed judgment to be set aside on the mere allegation of a defense as vague as that alleged by the defendants herein would render valueless a significant portion of the consideration sought by a lender in a substantial financial transaction. This Court holds that to set aside a confessed judgment, a debtor must allege and present sufficient evidence to establish a basis for a reasonable trier of fact to find an adequate defense to the plaintiffs's claim. If sufficient credible evidence is brought forward at the set-aside hearing to support such a defense, then any issues of credibility will be determined by the trier of fact at trial.

The evidence adduced at the set-aside hearing, as well as the absence of certain documentary evidence, clearly established a default of the terms of the Note. The Note negotiated by the parties defined default *inter alia* as "the failure to make any payment of principal or interest on this Note when due or *the breach of any duty under this Note*" (emphasis added). The terms of the Note required that certain monthly reports of operations at the project and organizational documents of Mowbray Arch/Edge Hill L.L.C., Beulah Road, L.L.C., and HST, L.L.C., be turned over to Trimark. Mitchell testified at the hearing that he received none of these documents.

---

[4] Plaintiff's Exhibit # 2.

No credible evidence was introduced to the contrary and paragraph (4) of Smallenberg's February 22, 1995, correspondence to Mitchell unquestionably established that these documents had not been timely tendered.

The defendants' principal defense at the set-aside hearing was the alleged existence of a settlement agreement between some of the parties. Although defendants claimed that a settlement had been effected, the testimony of Harrison, Smerbeck, and Mitchell, as well as the documentation received in evidence, made clear that the parties had engaged in unsuccessful negotiations through most of 1995, well after the first $150,000 payment was due and payable. Moreover, any settlement claimed by the defendants would have been effected *after* Mitchell confessed judgment on February 21, 1995. Although a settlement reached after that date might provide a defense to enforcement of the judgment, it could not provide an adequate defense to the obligation underlying the Note and therefore could not form a basis for a Motion To Set Aside pursuant to Va. Code § 8.01-435.

Accordingly, the Motion To Set Aside is granted as to the defendant William C. Harrison but denied as to defendants Frank Smerbeck and HST, L.L.C.