Present:  All the Justices

AAA DISPOSAL SERVICES, INC., ET AL.

v. Record No. 030465    OPINION BY JUSTICE CYNTHIA D. KINSER
                                      March 5, 2004
JAMES R. ECKERT

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Stanley P. Klein, Judge


      The dispositive issue in this appeal is whether a

confession of judgment for the amount specified in an ad

damnum clause is valid and binding in the absence of a

plaintiff's willingness to accept that amount of principal

and interest.  We conclude that such a confession of

judgment is not valid in light of the plain terms of Code

§ 8.01-431 requiring that a plaintiff be willing to accept

a judgment for the principal and interest contained in a

confession of judgment.  Therefore, the circuit court did

not err in granting the plaintiff's motion to nonsuit this

action.

      James R. Eckert filed a motion for judgment against

AAA Disposal Services, Inc., and Miguel A. Aragon-Campos

(collectively, "the defendants"), alleging personal injury

as a result of an automobile accident and seeking damages

in the amount of $60,000.[1]  More than two months before a scheduled trial date, Eckert moved the court for leave to increase the ad damnum in his motion for judgment to $350,000.  Eckert claimed that, instead of sustaining merely soft tissue injuries, he had suffered a herniated disc as a result of the accident and would require surgery to correct that condition.  A few days later, the defendants moved the court for leave to amend their responsive pleadings by admitting liability.  At a subsequent hearing, the circuit court denied Eckert's motion to increase the ad damnum because the motion came too close to the trial date, but the court granted the defendants' motion to admit liability.

The defendants then filed a confession of judgment, stating that they, "jointly and severally, [are] justly indebted to and do hereby confess judgment in favor of JAMES R. ECKERT in the total sum of Sixty Thousand Dollars ($60,000.00), which is the amount sued for in the ad damnum of the plaintiff's motion for judgment, as well as the plaintiff's costs and interest as allowed by law as pled in the original motion for judgment."  Aragon-Campos executed the confession of judgment in his own behalf, and Steven A.

---

[1] Several automobiles were involved in the accident, one of which was a truck owned by AAA Disposal Services and driven by its employee, Aragon-Campos.

2

Smith, Assistant General Manager, signed the document on behalf of Republic Services of Virginia, L.L.C., the successor in interest to AAA Disposal Services. However, the acknowledgement by the notary public stated that Tim Hayes executed the confession of judgment for AAA Disposal Services.

The circuit court clerk's office accepted the confession of judgment for filing on December 4, 2002. The next day, Eckert filed a motion to nonsuit his case. At that time, no entry of judgment had been docketed, nor had a final order been entered in the case. Eckert had not consented to entry of a judgment by confession for the amount for which he had sued.

The circuit court subsequently heard oral argument on Eckert's motion for a nonsuit. Eckert asserted that a confession of judgment was not a submission to the court for a decision within the meaning of Code § 8.01-380 and that, therefore, he was entitled to a nonsuit as a matter of right. The defendants argued that a confession of judgment for the amount requested by Eckert in the ad damnum clause of his motion for judgment effectively ended the case and that a nonsuit could not be taken after a case is concluded.

In a letter opinion, the circuit court first reasoned that the confession of judgment was "ineffective" because the person recited as confessing judgment for AAA Disposal Services was not the person who actually did so. The court further explained that, pursuant to the provisions of Code § 8.01-432, judgment may be confessed "for only such principal and interest as [the] creditor may be willing to accept a judgment for." This language, in the court's view, implied that a creditor must be willing to accept the confessed judgment before it is final and that Eckert had not done so.[2] For these reasons, the circuit court concluded that the case had not been submitted to the court for a decision within the meaning of Code § 8.01-380(A) and that Eckert therefore was entitled to a nonsuit. The court entered an order nonsuiting the case without prejudice. The defendants appeal from that judgment, and Eckert assigns cross-error to the circuit court's refusal to allow him to amend the motion for judgment by increasing the amount of the ad damnum.

The dispositive inquiry in this appeal is whether the confession of judgment was valid and binding on Eckert in

---

[2] The circuit court cited Code § 8.01-432, but the defendants confessed judgment pursuant to the provisions of Code § 8.01-431. However, Code § 8.01-431 contains language similar to that quoted by the court.

the absence of his willingness to accept the amount of principal and interest specified in that judgment.  We conclude that it was not.

As previously noted, the defendants confessed judgment in this case pursuant to Code § 8.01-431.  In relevant part, that statute allows a defendant in any suit to "confess a judgment in the clerk's office for so much principal and interest <u>as the plaintiff may be willing to accept a judgment or decree for</u>."  (Emphasis added.)  The underscored language is clear and unambiguous.  Hence, we construe such language according to its plain meaning without resort to rules of statutory interpretation.  <u>Holsapple v. Commonwealth</u>, 266 Va. 593, 598, 587 S.E.2d 561, 564 (2003); <u>Brown v. Lukhard</u>, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985); <u>see</u> <u>also</u> <u>Industrial Dev. Auth. v. Board of Supervisors</u>, 263 Va. 349, 353, 559 S.E.2d 621, 623 (2002).

The plain terms of Code § 8.01-431 require that a plaintiff be willing to accept the amount of principal and interest for which a defendant is confessing judgment.  <u>See</u> <u>Beazley v. Sims</u>, 81 Va. 644, 647 (1886) ("[i]f a creditor accepts and ratifies a confession of judgment in his favor, it becomes, from the moment of its acceptance, valid").  Such acceptance is absent in this case.  The written

5

statement of facts filed pursuant to Rule 5:11(c) specifies that Eckert "had not consented to entry of a judgment by confession for the amount sued for." Furthermore, the defendants confessed judgment for "interest as allowed by law as pled in the original motion for judgment." The record on this appeal is silent as to whether the amount of interest confessed included pre-judgment interest under Code § 8.01-382, and if it did not, whether Eckert would have accepted a judgment that did not include such interest.

Relying on the principle that a plaintiff cannot recover more than the amount sued for, see Town & Country Properties, Inc. v. Riggins, 249 Va. 387, 400, 457 S.E.2d 356, 365 (1995), the defendants, nevertheless, assert that Eckert's acceptance in this case was implied because they confessed judgment for the full amount of the ad damnum requested in the motion for judgment. The defendants argue that, upon confessing judgment for that amount, the case was ended and could not thereafter be nonsuited.

We agree that a plaintiff cannot recover more than the amount sued for, but that principle does not allow this Court to ignore the plain words of Code § 8.01-431 requiring a plaintiff's acceptance of the amount of a confessed judgment. Notably, a prior version of this

6

statute provided that a defendant "may confess a judgment in the clerk's office . . for the whole amount of the plaintiff's demand in his writ or declaration set forth, and costs, or such part thereof as the plaintiff may be willing to accept a judgment for."  2 Virginia Revised Code app. VI c. 1, p. 585 (1819).  The General Assembly deleted the reference to the "whole amount of the plaintiff's demand" in the 1849 version of the statute, Code (1849) tit. 51 c. 171, § 41, and has not included that language in the current statute, Code § 8.01-431.  Thus, the General Assembly obviously knows how to allow a defendant to confess judgment for the amount sued for without a plaintiff's consent when it wishes to do so.  We assume that the General Assembly's change in a statute is "purposeful and not unnecessary or vain."  Cape Henry Towers, Inc. v. National Gypsum Co., 229 Va. 596, 600, 331 S.E.2d 476, 479 (1985); accord Virginia-American Water Co. v. Prince William County Serv. Auth., 246 Va. 509, 517, 436 S.E.2d 618, 623 (1993).

In the absence of Eckert's willingness to accept the amount of the principal and interest contained in the confession of judgment, we conclude that it was not valid and binding on him.  See Beazley's Adm'r, 81 Va. at 647.  Thus, this action had not ended, nor had anything been

7

submitted to the circuit court for decision.  Under the provisions of Code § 8.01-380, Eckert was therefore entitled to take a nonsuit.

Accordingly, we will affirm the judgment of the circuit court.[3]

<u>Affirmed</u>.

---

[3] In light of our decision, it is not necessary to address Eckert's assignment of cross-error.