Present: Hassell, C.J., Keenan, Koontz, Kinser, Lemons, and
Agee, JJ., and Compton, S.J.

ROBERT E. SAFRIN

                                        OPINION BY
v.  Record No. 041994        JUSTICE LAWRENCE L. KOONTZ, JR.
                                        April 22, 2005
TRAVAINI PUMPS USA, INC.

                FROM THE CIRCUIT COURT OF YORK COUNTY
                    N. Prentis Smiley, Jr., Judge

     In this appeal, the dispositive issue we consider is

whether more than 21 days after the entry of a confessed

judgment pursuant to Code § 8.01-432, the trial court had

jurisdiction to modify that judgment by entering an award of

liquidated attorney's fees.

                            BACKGROUND

     On November 13, 2002, Robert E. Safrin executed a

promissory note in favor of Travaini Pumps USA, Inc. (Travaini

Pumps) in the principal sum of $59,000.  The note provided that

the principal was to be paid without interest in 12 monthly

installments.  In the event of a default, a provision of the

note permitted Travaini Pumps to treat the entire unpaid balance

of the principal as immediately due and payable and,

additionally, to recover "costs of collection, including a

reasonable attorneys' fee if incurred."  The note also contained

a clause permitting Travaini Pumps, through one of two

attorneys-in-fact named for Safrin, to confess judgment against

Safrin in the clerk's office of the Circuit Court of York County

(the trial court) "for the full amount due on the Note with costs and attorneys' fees as provided in the Note."

Initially, Safrin made the required installment payments on the note totaling approximately half the principal due. He failed to make the required installment payment for May 2003. Federico Colagrande, an officer of Travaini Pumps, advised Safrin by letter that if the payment was not received by May 26, 2003, Travaini Pumps would exercise its authority under the confession of judgment clause of the note.

On June 16, 2003, no further payments having been received on the note, J. Ellsworth Summers, Jr., one of the attorneys-in-fact named in the note, filed a confession of judgment against Safrin in the clerk's office of the trial court in favor of Travaini Pumps in the principal amount due of $29,500.65 plus post-judgment interest of nine percent. The confession of judgment, which was filed on a pre-printed form, also awarded judgment against Safrin for the "cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based)." The sum due for attorney's fees was not specified.

Thereafter, a number of legal proceedings were instituted by Travaini Pumps in Virginia and in Ohio in an effort to have the confessed judgment satisfied. Ultimately, Safrin satisfied

2

that judgment in full with the exception of Travaini Pumps'
continuing claim for attorney's fees.

On March 23, 2004, approximately eight months after the
confessed judgment was entered, Travaini Pumps filed a motion in
the trial court seeking an order to reinstate the matter on the
court's docket and to permit Travaini Pumps to file a motion to
liquidate attorney's fees.  Safrin opposed this motion,
contending that the confessed judgment was final and not subject
to modification more than 21 days after its entry.  The trial
court entered an order reinstating the case on its docket.  On
April 21, 2004, Travaini Pumps filed the motion to liquidate
attorney's fees.  Safrin also opposed this motion.  The trial
court heard oral argument from the parties in a hearing held
April 28, 2004.  The arguments made by the parties during oral
argument at that hearing were essentially the same arguments
asserted in this appeal.

On May 28, 2004, the trial court entered an order in which
it ruled that "[t]he Court has jurisdiction to determine and
conduct a hearing on the reasonableness of the amounts" of the
attorney's fees sought by Travaini Pumps under the note and
confessed judgment.  The trial court further determined the
amount of those fees to be $7,468.57.  In doing so, the trial
court reduced the amount sought by Travaini Pumps based on the
trial court's determination that Travaini Pumps "may not recover

attorneys' fees incurred for the collection of previously incurred attorneys' fees." Both parties objected to the order. Travaini Pumps asserted that it was entitled to additional attorney's fees incurred in the collection of attorney's fees previously incurred, as these were expenses incurred to collect the judgment. Safrin asserted that the trial court lacked jurisdiction to enter the order and, in the alternative, that the amount of fees awarded was unreasonable.

We awarded Safrin this appeal. Travaini Pumps has not assigned cross-error or filed a separate appeal challenging the trial court's reduction of the amount of attorney's fees claimed.

DISCUSSION

The judgment confessed in this case is governed by Code § 8.01-432, which provides:

> Any person being indebted to another person, or any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the clerk's office of any circuit court in this Commonwealth, whether a suit, motion or action be pending therefor or not, for only such principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court. Such judgment shall be as final and as binding as though confessed in open court or rendered by the court, subject to the control of the court in the clerk's office of which the same shall have been confessed.

Code § 8.01-436 provides a suggested form to be used by the clerk of the court for a confession of judgment. That suggested form contains the language, present on the form used in this case, that the judgment debtor may, in addition to the principal and interest due, confess judgment in favor of the creditor for "the cost of this proceeding (including the attorney's fees and collection fees provided for in the instrument on which the proceeding is based)."

It is readily apparent that this statutory scheme does not address the manner in which attorney's fees provided for in the instrument that forms the basis of a debt underlying a confessed judgment are to be determined when that instrument does not provide for a liquidated amount or other mechanism for establishing those fees at the time the confession of judgment is entered. The Attorney General has previously opined that when a confession of judgment is entered pursuant to Code § 8.01-432 and "the underlying instrument does not establish the amount of the attorney's fees, the clerk of court should file the confessed judgment with a provision for 'reasonable attorney's fees' and defer to the court for a judicial determination of the amount that is reasonable under the facts." 1997 Op. Atty. Gen. 24, 25. However, the Attorney General was not asked to address, and did not address, when such judicial

determination is to be made. This Court has not previously addressed this specific circumstance.

Safrin contends that because Code § 8.01-432 provides that a confessed judgment "shall be as final and as binding as though confessed in open court or rendered by the court," such judgments are subject to the provision of our Rule 1:1 that they "remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Thus, Safrin asserts here that the trial court's jurisdiction over the confessed judgment expired 21 days after its entry, and the court had no authority to reinstate the case on its docket thereafter to determine the amount of attorney's fees claimed by Travaini Pumps.[1]

_____

[1] During oral argument of this appeal, counsel for Safrin contended that when the instrument did not call for liquidated attorney's fees, the customary practice in this Commonwealth was to impose an arbitrary award of ten percent of the underlying judgment and that a similar award could be included in a confessed judgment as a matter of course. Counsel's assertion of this supposed "custom" is based on a flawed reading of prior case law, and we reject the notion that such practice would be proper, especially with respect to confessed judgments. See Mullins v. Richlands Nat'l Bank, 241 Va. 447, 449, 403 S.E.2d 334, 335 (1991) (fact finder required to determine reasonable attorney's fees under facts and circumstances of a particular case). See also Lee v. Melford, 269 Va. ___, ___, ___ S.E.2d ___, ___ (2005) (this day decided), holding that absent specific provisions in a contract or statute to the contrary, or a prior agreement of the parties with the concurrence of the trial court, a litigant is not entitled to have attorney's fees decided by the court in post-verdict proceedings.

Travaini Pumps responds that "to mechanically apply the twenty-one (21) day rule to the facts of this case would penalize Travaini Pumps for using a statutorily prescribed form and would render the specific contractual language agreed to by the parties a nullity." More specifically, Travaini Pumps contends that because the statutory form suggested by Code § 8.01-436 permits a confessed judgment to include "the attorney's fees and collection fees provided for in the instrument on which the proceeding is based," the confessed judgment incorporates the terms of the underlying instrument. In this case, those terms provided for "costs of collection, including a reasonable attorneys' fee if incurred." (Emphasis added.) Upon this premise, Travaini Pumps maintains that this language in the note effectively provides for a continuing reservation of the trial court's jurisdiction to consider the issue whether, and in what amount, attorney's fees were incurred in the collection of the debt after entry of the confessed judgment for the principal and interest due. We disagree.

The plain and unambiguous language of Code § 8.01-432 makes clear that a confessed judgment is to be treated in all respects as a final judgment "rendered by the court." And we long have held that "[a]lthough no adjudication is in fact required in entering a judgment of confession without action, yet it has all

7

the qualities, incidents and attributes of other judgments."

Beazley v. Sims, 81 Va. 644, 647-48 (1886).

With respect to the finality of judgments, we consistently

have held that

> the provisions of Rule 1:1 are mandatory in order to
> assure the certainty and stability that the finality
> of judgments brings.  Once a final judgment has been
> entered and the twenty-one day time period of Rule 1:1
> has expired, the trial court is thereafter without
> jurisdiction in the case.  Thus, only an order within
> the twenty-one day time period that clearly and
> expressly modifies, vacates, or suspends the final
> judgment will interrupt or extend the running of that
> time period so as to permit the trial court to retain
> jurisdiction in the case.

Super Fresh Food Mkts. of Virginia, Inc. v. Ruffin, 263 Va. 555,

563-64, 561 S.E.2d 734, 739 (2002); see also Davis v. Mullins,

251 Va. 141, 150, 466 S.E.2d 90, 94 (1996).

It is beyond debate that when an instrument forms the basis

of a debt and authorizes an award of attorney's fees, but does

not provide a formula for liquidating the amount of those fees

at the time of entry of a judgment, no award of fees may be made

except for fees actually incurred.  See Cox v. Hagan, 125 Va.

656, 680, 100 S.E. 666, 674 (1919).  The use of the term "if

incurred" in the Travaini Pumps' note is consistent with this

principle, and is a clear expression of the parties' intent to

limit any entitlement of attorney's fees to those actually

incurred by Travaini Pumps in the event of a default by Safrin.

The use of that term in the note, however, does not equate with

8

a clear intent of the parties to provide a continuing reservation of the trial court's jurisdiction over the confessed judgment for more than 21 days after entry.

Similarly, there is no merit in Travaini Pumps' contention that the application of the limitation of Rule 1:1 in this case would effectively render the parties' agreement regarding attorney's fees a nullity. In drafting the promissory note, Travaini Pumps had the opportunity to afford itself various remedies for a breach by Safrin, including the option of obtaining a confession of judgment by Safrin's attorney-in-fact. When that breach occurred, Travaini Pumps elected to obtain a confession of judgment as the terms of the note permitted it to do. Travaini Pumps, however, did not assert a claim for liquidated attorney's fees at that time. Nevertheless, it became bound by the finality of that judgment under the provisions of Code § 8.01-432.[2]

Obtaining a judgment by confession pursuant to Code § 8.01-432 is an extraordinary remedy that permits a creditor to obtain

---

[2] We recognize that under Code § 8.01-433, upon a showing of an adequate defense or proof of a setoff, a judgment confessed pursuant to Code § 8.01-432 "may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed." This statute, however, provides a limited, specific exception to the operation of Rule 1:1 and is not applicable to the facts of this case.

an enforceable judgment against a debtor without the need to file suit or to establish any fact other than the existence of a valid instrument permitting the creditor to direct an attorney-in-fact to confess the judgment. When the creditor obtains a confessed judgment, that judgment is subject to the same rules governing all judgments, including the limitation imposed by Rule 1:1.

Accordingly, we hold that the trial court erred in reinstating the judgment confessed against Safrin on its docket and entering an award of liquidated attorney's fees in favor of Travaini Pumps because the trial court was without jurisdiction to do so more than 21 days after the judgment became final. Because the trial court was without jurisdiction to consider the issue of attorney's fees, we need not consider Safrin's further assignment of error that the attorney's fees awarded were unreasonable.

CONCLUSION

For these reasons, we will reverse the judgment of the trial court and enter final judgment for Safrin.

_Reversed and final judgment_.