# CIRCUIT COURT OF THE CITY OF RICHMOND

Mountain Empire
Ventures, L.L.C.

v.

Sarbjit Singh Bal
and Parmjit Kaur

April 3, 2007

Case No. CL06-7223

BY JUDGE MELVIN R. HUGHES

This case arises out of a Confession of Judgment on a note entered November 8, 2006, pursuant to Va. Code § 8.01-431 *et seq.* in favor of Mountain Empire Ventures, L.L.C., against Defendants Sarbjit Singh Bal and Parmjit Kaur in the amount of $214,720.55, plus interest from November 9, 2006, until paid, plus costs. The Court's file contains a "Certificate Required by Virginia Code 8.01-438" which states that the Clerk for the Circuit Court for the City of Richmond mailed, by certified mail, a true copy of the Confession of Judgment to each Defendant at 2240 North Blackstone Avenue, Fresno, California 93703, on November 17, 2006. The parties have stipulated that each Defendant received notice of the entry of the Confessed Judgment against them on December 15, 2006. On December 29, 2006, the Defendants filed and served their Motion to Strike Confession of Judgment. Plaintiff then filed a Motion to Strike Defendant's Motion to Set Aside Confession of Judgment on February 12, 2007. The motion has been argued, and the court finds in favor of the judgment debtor.

Plaintiff asserts that Defendant's Motion to Set Aside Confession of Judgment was untimely, thus, this Court no longer has jurisdiction to grant the motion. Plaintiff argues that, pursuant to Va. Code § 8.01-438, service on a

nonresident judgment debtor is deemed sufficient upon the clerk of the court sending a copy of the order by certified mail to the debtor's last known post-office address and the filing of a certificate showing that such has been done. Consequently, Plaintiff argues, on December 18, 2006 (21 days after service was completed on November 17, 2006), the judgment became final pursuant to Va. Code § 8.01-433.

Plaintiff relies on *Safrin v. Travaini Pumps USA, Inc.*, 269 Va. 412, 611 S.E.2d 352 (2005), where the Supreme Court of Virginia stated that "when the creditor obtains a confessed judgment, that judgment is subject to the same rules governing all judgments, including the rule that the trial judge retains control over the judgment for 21 days." 269 Va. at 419 (citing Va. Code § 8.01-432 and Sup. Ct. Rules, Rule 1:1.) However, this reading is incomplete. The Court went on to state that Va. Code § 8.01-433 "provides a limited, specific exception to the operation of Rule 1:1. . . ." *Safrin*, 269 Va. at 419, n. 2, recognizing that § 8.01-433 provides that a confessed judgment may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice *to him* that such judgment has been entered against him. . . ." *Id.* (emphasis added).

Virginia Code § 8.01-438 states, in part:

> If a judgment is confessed by an attorney-in-fact, it shall be the duty of the clerk within ten days from the entry thereof to cause to be served upon the judgment debtor a certified copy of the order so entered in the common-law order book, to which order shall be appended a notice setting forth the provisions of § 8.01-433. The officer who serves the order shall make return thereof within ten days after service to the clerk. The clerk shall promptly file the order with the papers in the case. The failure to serve a copy of the order within sixty days from the date of entry thereof shall render the judgment void as to any debtor not so served.

"Va. Code § 8.01-433 sets out the time frame for the filing of a motion to set aside a confessed judgment." *Trimark Partners, L.L.C. v. HST, L.L.C.*, 39 Va. Cir. 415 (1996). Specifically, § 8.01-433 states that:

> any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and within twenty-one

days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law. . . .

Contrary to Plaintiff's assertion, "this notice requirement is contrary to the necessity for service of lawsuits set out in Va. Code § 8.01-296." *Trimark*, 39 Va. Cir. 417.

More pertinent to this inquiry, Va. Code § 8.01-438 provides:

Service of a copy of the order on a nonresident judgment debtor by . . . the clerk of the court sending a copy of the order by registered or certified mail to such nonresident judgment debtor at his last known post-office address *and* the filing of a certificate with the papers in the case showing that such has been done *or* of a receipt showing the receipt of such letter by such nonresident judgment debtor, shall be deemed sufficient service thereof for the purposes of this section.

(Emphasis added.)

Therefore, "in determining whether the defendant's Motion to Set Aside was timely, [the] Court must determine when the defendant's received notice of the judgment, *not* when the judgment order was served on them." *Trimark*, 39 Va. Cir. at 417. The judgment debtors are correct in their assertion that, for the purpose of a confessed judgment, "service" has the effect of making the confessed judgment valid (*see Hubbard Ins. Agency, Inc. v. Garrett*, 33 Va. Cir. 18 (1993)), while "notice" commences the twenty-one day rule in which a responsive pleading must be filed (*see Trimark*, 39 Va. Cir. 415, 417 (1996)). Thus, there are two prongs to the service and notice requirements for a Confession of Judgment: (1) "service" must be effected by the Clerk under Va. Code § 8.01-438 within sixty days or the judgment is void; and (2) the defendant debtor has twenty-one days from receipt of "notice" to notify the creditor of its intent to exercise its rights under Va. Code § 8.01-433 and move the court to have the confessed judgment set aside or reduced.

Construing the language of the statute from its plain meaning, it is readily discernable that the General Assembly anticipated that notice, in the instance of a confessed judgment, would be actual notice where possible. To construe otherwise would require striking the last clause of § 8.01-438, which clearly indicates actual notice to the defendant debtor.

For the foregoing reasons, the Plaintiff's Motion to Strike Defendant's Motion to Set Aside Confession of Judgment is denied and Defendant's Motion to Set Aside Confession of Judgment is granted.

The court will grant defendant's motion to stay the proceedings pending the outcome of the suit pending in Tennessee for a period of seventy-five days with leave to expand or contract the days allowed pending developments there. Any such request can be made on motion after notice.