PRESENT:  All the Justices

CATJEN, LLC

                                             OPINION BY

v.  Record No. 171067                JUSTICE CLEO E. POWELL
                                          July 26, 2018

HUNTER MILL WEST, L.C.


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

Catjen, LLC ("Catjen") appeals the decision of the Circuit Court of Fairfax County

reducing the amount due on a deed of trust note (the "Note") and entering a confessed judgment

for the reduced amount without Catjen's agreement.

## I.  BACKGROUND

On November 19, 2008, Hunter Mill West, L.C. ("HMW") executed a deed of trust note

(the "Note") in the original principal amount of $1,000,000, payable to BDC Capital, Inc. ("BDC

Capital"), the predecessor in interest to Catjen.  The Note was secured by a deed of trust that

created a first priority lien upon 5 acres of real property located in Fairfax, Virginia.  The entirety

of the amount borrowed under the Note, plus all accrued interest and late fees, was due in full on

or before November 19, 2009.

The Note provided for an interest rate of 14% per annum.  In the event that HMW

defaulted on the Note, the interest rate increased to 24% per annum.  Additionally, the Note

included a clause providing for compound interest.  Specifically, the clause states:

> Borrower hereby expressly acknowledges and agrees that this Note
> provides for payment of compound interest, and that the principal
> balance of this loan shall increase whenever, and every time, that a
> monthly payment due here under is not received by Lender, that
> month's late fee, as well as interest due and payable for that month,
> shall be added to the total principal balance of the Loan. The
> principal balance shall thus increase, and failure to make any

subsequent monthly payment(s) shall also have the effect of increasing the principal balance of the debt due hereunder.

The Note also included a clause appointing an attorney in fact for HMW and permitting that attorney to confess judgment against HMW for the unpaid balance of the Note plus interest, court costs, expenses and reasonable attorney's fees. Additionally, the clause provided that any judgment entered against HMW would bear interest at the highest rate of interest being paid on the Note on the date of the judgment.

HMW failed to repay the Note in full by November 19, 2009, the date of maturity. On September 24, 2010, BDC Capital sent HMW a notice of default.

HMW subsequently filed for Chapter 11 bankruptcy protection. During the bankruptcy proceedings, BDC Capital filed a claim for the amount it asserted was due on the Note, which HMW disputed. In calculating the amount due on the Note, BDC Capital and HMW disagreed as to when the interest rate increased to 24%. BDC Capital took the position that the increase occurred on the date of maturity, whereas HMW asserted that the increase occurred when BDC sent the notice of default. Neither party appeared to dispute the fact that the interest continued to compound monthly after the Note matured. Indeed, an amortization schedule HMW purportedly presented to the bankruptcy court indicated that the interest on the Note continued to compound monthly after the date of maturity.

In its order sustaining HMW's objections to BDC Capital's claims (the "Claim Order"), the bankruptcy court accepted HMW's calculations and "reduced and fixed" BDC Capital's claim on the Note at $1,504,998.55.[1] Although HMW's bankruptcy petition was ultimately dismissed, the Claim Order was preserved and remained binding.

_____

[1] There is a small discrepancy between the amount HMW claimed was due on the Note ($1,501,649.59) and the amount the bankruptcy court determined was due according to the Claim Order ($1,504,998.55). This discrepancy was caused by a minor calculation error that failed to

On July 21, 2016, Catjen foreclosed on the property that was used as collateral for the Note. Catjen submitted the final bid at the foreclosure sale in the amount of $1,300,000. On August 11, 2016 the attorney in fact confessed judgment against HMW in favor of Catjen in the amount of $2,402,838.30[2] plus costs and reasonable attorney's fees.

On September 9, 2016, citing Code § 8.01-433, HMW moved to set aside the confessed judgment. In its motion, HMW argued that the confessed judgment should be set aside for four reasons: the rate of interest was usurious, the interest was incorrectly calculated and included interest on amounts not due, the judgment was inaccurate and the amount of attorney's fees was unreasonable. In its prayer for relief, HMW sought to have the judgment set aside and to have the trial court "order Catjen LLC to serve a bill [of] particulars on [HMW]" and "set the matter on the Court's docket for trial."

At the November 8, 2016 hearing on the motion to set aside, HMW abandoned three of the bases presented in its motion and limited its argument to whether Catjen had incorrectly calculated the amount due by compounding the interest that accrued after the date of maturity. According to HMW, after the Note matured, only simple interest applied. Catjen took the position that the interest is contractual and an incident of the debt. Therefore, according to Catjen, upon HMW's default, the contractual interest rate continued until the debt was paid. The parties agreed that the determination of the applicable interest rate was a "pure legal

include six days of interest at the increased rate. Specifically, HMW initially calculated the increased interest rate as starting on October 1, 2010 rather than September 24, 2010.

[2] To reach this value, Catjen used the same method as HMW had used at the bankruptcy hearing and calculated that, on July 22, 2016, the total outstanding balance under the Note was $3,671,221.10. Catjen then setoff $1,300,000 from the foreclosure sale, reducing the amount to $2,371,221.10, and added $31,616.29, the interest that would accrue through August 11, 2016 (21 days after judgment was confessed), for a total of $2,402,837.39.

question." After considering the parties' arguments, the trial court denied HMW's motion to set aside.

HMW subsequently filed a motion to reconsider the denial of the motion to set aside the confessed judgment. In its motion to reconsider, HMW again argued that Catjen had incorrectly calculated the interest by compounding the interest that accrued after the Note matured. It further proffered its own calculations of the amount due on the Note: $1,101,171.75. Noting the "extraordinary" difference in the amounts, HMW took the position that it had "clearly" raised an adequate defense to the confessed judgment and, therefore, the trial court should "vacate its previous order and set a hearing on the merits for the Motion to Set Aside the Confessed Judgment." Alternatively, HMW requested that the trial court "enter a remittitur order" reducing the confessed judgment amount to $1,101,171.75.

On April 21, 2017, after hearing from the parties, the trial court granted HMW's "motion to reconsider the interest." It then stated that it would use the amount proffered by HMW. Catjen objected, noting that the trial court had accepted HMW's proffered calculations without giving Catjen an opportunity to challenge or rebut them. The trial court stated that was "a separate issue." The trial court then entered an order granting HMW's "motion to Reconsider the Amount of Interest Awarded" and continued the matter "for entry of [an] order regarding interest."

On April 27, 2017, Catjen moved to nonsuit its claim on the Note. At a hearing on May 5, 2017, Catjen argued that it was entitled to a nonsuit because once the trial court set aside or modified the confessed judgment, Code § 8.01-433 required the trial court to proceed as though an action at law had been filed on the Note unless Catjen agreed to the modified amount due. As Catjen did not agree to the modified amount, the matter was on the trial docket for further

4

proceedings and, therefore, the matter had not yet been submitted to the trial court. HMW took the position that the matter had already been decided by the trial court and that the only thing left to do was to have an order entered using the calculations it had presented in its motion to reconsider. After considering the matter, the trial court agreed with HMW, finding that the matter had "already been submitted to the court and adjudicated." Accordingly, the trial court denied Catjen's motion for a nonsuit.

Catjen then filed a motion to supplement the record. In conjunction with its motion, Catjen proffered its calculations for the amount due on the Note. The proffer included a calculation of Catjen's attorney's fees and costs related to the Note. Additionally, Catjen moved the trial court to reconsider. In its motion to reconsider, Catjen proffered a transcript and exhibit from the bankruptcy hearing that showed that HMW had previously taken the position that the interest continued to compound after the Note matured.

At the subsequent hearing, Catjen argued that the trial court should set the matter for trial, as there were factual matters in dispute that could not be decided in the motion to set aside a confessed judgment. It further pointed out that it had not been given the opportunity to put on evidence regarding attorney's fees and costs, which were requested in the confessed judgment. After considering the matter, the trial court stated that it was "prepared to do what [it] originally prepared to do, and that is sign the order that [HMW] had." The trial court then entered an order awarding Catjen $1,101,171.75 based on HMW's calculations.

Catjen appeals.

## II. ANALYSIS

On appeal, Catjen raises three assignments of error. Initially, Catjen argues that the trial court erred in its application of Code § 8.01-433. Catjen's second assignment of error addresses

5

the trial court's acceptance of the amount HMW claimed was due on the Note. Specifically, Catjen contends that HMW's calculations were barred by the doctrine of res judicata because, in the bankruptcy court, HMW had used a different manner to calculate the amount due on the Note. Catjen further asserts that the amount awarded was contrary to the plain language of the Note as it did not use compounding interest, applied the incorrect interest rate and failed to award Catjen its attorney's fees. Finally, in its third assignment of error, Catjen claims the trial court erred in denying its motion for a nonsuit as the matter had not been submitted for a decision on the merits.

## A. Code § 8.01-433

In its first assignment of error, Catjen argues that by modifying and entering the confessed judgment based on the amount proffered by HMW without allowing Catjen to challenge the amount, the trial court failed to properly apply Code § 8.01-433. Catjen insists that Code § 8.01-433 does not permit a trial court to enter a modified confessed judgment over the objection of the party seeking the judgment. We agree.

Our analysis in this case necessarily begins with an examination of the nature of a confessed judgment. This Court has recognized that a confessed judgment under Code § 8.01-432 is "an extraordinary remedy that permits a creditor to obtain an enforceable judgment against a debtor without the need to file suit or to establish any fact other than the existence of a valid instrument permitting the creditor to direct an attorney-in-fact to confess the judgment." *Safrin v. Travaini Pumps USA, Inc.*, 269 Va. 412, 419, 611 S.E.2d 352, 356 (2005). The statute provides that either a debtor or "any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the clerk's office of any circuit court in this Commonwealth, whether a suit, motion or action be pending therefor or not." Code § 8.01-432. A fundamental requirement

6

to the entry of a confessed judgment is that the creditor must agree to the amount of the confessed judgment. *Id.* (requiring that a confessed judgment be for "such principal and interest as [the] creditor may be willing to accept a judgment for"). Furthermore, upon confession, the judgment "shall be forthwith entered of record by the clerk in whose office it is confessed" and "[s]uch judgment shall be as final and as binding as though confessed in open court or rendered by the court." *Id.*

Code § 8.01-433 provides a limited exception to the finality of a confessed judgment. *See Safrin*, 269 Va. at 419 n.2, 611 S.E.2d at 356 n.2. (recognizing that Code § 8.01-433 grants debtors seeking to challenge a confessed judgment a "limited, specific exception to the operation of Rule 1:1"). Specifically, the statute provides:

> Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days notice to the judgment creditor or creditors for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which such judgment was confessed. Whenever any such judgment is set aside or modified the case shall be placed on the trial docket of the court, and the proceedings thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note or other evidence of debt upon which judgment was confessed. After such case is so docketed the court shall make such order as to the pleadings, future proceedings and costs as to the court may seem just.

*Id.*

Under the plain language of the statute, a motion to set aside or reduce a confessed judgment under Code § 8.01-433 initiates a proceeding where the only issue to be determined is whether the judgment debtor's pleadings assert a facially adequate defense or setoff. At this initial stage, there is no requirement that the judgment debtor prove the merits of the asserted

7

defense or setoff. Indeed, to do so would be illogical in that, upon granting the motion to set aside or reduce a confessed judgment, a court is required to place the matter "on the trial docket of the court, and the proceedings thereon shall thereafter be the same *as if an action at law had been instituted upon the bond, note or other evidence of debt upon which judgment was confessed*." *Id.* (emphasis added). In other words, where a court grants a motion to set aside or reduce a confessed judgment, the matter must be set for a full trial on the merits of the creditor's claim.

In the present case, after granting HMW's motion to reconsider, the trial court failed to place the matter on the trial docket and proceed as if Catjen had filed an action at law on the Note.[3] It appears that this error was the result of a misconception by the trial court that it could treat a motion to reduce a confessed judgment differently from a motion to set aside a confessed judgment. Regardless of why the trial court ruled in the manner it did, the fact remains that its ruling was erroneous. Notably, Code § 8.01-433 makes no distinction between a motion to set aside a confessed judgment and a motion to reduce a confessed judgment. In both instances, the statute requires the same result: that the matter be set down for a full trial on the merits of the creditor's claim.[4] Accordingly, the trial court erred by failing to place the present case on the docket for a trial on the merits.

---

[3] Contrary to HMW's assertion, neither the initial hearing on the motion to set aside the confessed judgment nor the subsequent hearing on the motion to reconsider constituted a "trial" for the purposes of Code § 8.01-433. Under the plain language of Code § 8.01-433, it is only after the motion to set aside is granted that the matter proceeds as if it had been brought as an action at law. Thus, the earliest that any "trial" could have occurred is after April 21, 2017 when the trial court granted the motion to reconsider.

[4] It is further worth noting that, even if the trial court were authorized to reduce the amount of the confessed judgment without a trial on the merits, that reduced amount would not be binding on the creditor unless the reduced amount was an amount that the creditor was willing to accept. *See* Code § 8.01-432 (permitting entry of a confessed judgment only for an amount

8

B. Interest Calculation

Catjen next argues that the judgment entered by the trial court was erroneous because it ignored the proceedings before the bankruptcy court and its ruling was contrary to the express terms of the Note. The record in this case certainly supports Catjen's assertion that the trial court did not properly consider the bankruptcy court proceedings, including the previous position that HMW took with regard to the calculation of interest on the Note. However, the trial court's failure to consider this evidence is the result of its decision to proceed in a summary manner instead of proceeding to a trial on the merits, as required by Code § 8.01-433. In other words, the trial court's erroneous application of Code § 8.01-433 prevented these matters from being fully litigated.[5] Accordingly, as these matters can be addressed by the trial court on remand, this issue is not ripe for a decision by this Court.

---

that the "creditor may be willing to accept a judgment for"); *see also AAA Disposal Servs. v. Eckert*, 267 Va. 442, 445, 593 S.E.2d 260, 262 (2004) (holding that, under Code § 8.01-431, a confessed judgment is only valid and binding where the creditor is willing "to accept the amount of the principal and interest contained in the confession of judgment").

[5] The importance of a trial on the merits cannot be overstated in this case. Here, the trial court's decision to reduce the amount due on the Note was based entirely on the calculations proffered by HMW without providing Catjen any opportunity to challenge either the calculations or the qualifications of the individuals who made them.

> The admission of hearsay expert opinion without the testing
> safeguard of cross-examination is fraught with overwhelming
> unfairness to the opposing party. No litigant in our judicial system
> is required to contend with the opinions of absent "experts" whose
> qualifications have not been established to the satisfaction of the
> court, whose demeanor cannot be observed by the trier of fact, and
> whose pronouncements are immune from cross-examination.

*McMunn v. Tatum*, 237 Va. 558, 566, 379 S.E.2d 908, 912 (1989).
We further note that HMW was similarly not afforded an opportunity to challenge the validity of the transcripts of the bankruptcy court proceedings proffered by Catjen. The relevance or significance of the bankruptcy court proceedings in Catjen's assertion of res judicata and/or judicial estoppel cannot be conclusively determined based solely on Catjen's proffer. *See Bernau v. Nealon*, 219 Va. 1039, 1041-42, 254 S.E.2d 82, 84 (1979) (recognizing

C. Nonsuit

Catjen's final argument relates to the trial court's denial of its motion for a nonsuit. Specifically, Catjen argues that the trial court erred in denying its motion for nonsuit because the modified confessed judgment had not been submitted to the trial court at the time that it sought its nonsuit. However, at oral argument, Catjen explained that this assignment of error was raised as an alternative argument in the event it was unsuccessful with assignments of error one and two. As we have already determined that Catjen is entitled to relief under its first assignment of error, this assignment of error is rendered moot.[6]

III. CONCLUSION

For the foregoing reasons, we will vacate the confessed judgment, reverse the trial court's judgment on the amount due on the Note, and remand the matter for further proceedings in accordance with Code § 8.01-433.

*Vacated, reversed, and remanded.*

---

that the party asserting the defense of res judicata must offer the record of the prior action into evidence). Thus, absent a trial on the merits, the necessary safeguards are not present to allow the trial court to reach a valid conclusion as to the proper amount due on the Note.

[6] We further note that the Court has held that, in the absence of a creditor's "willingness to accept the amount of the principal and interest contained in the confession of judgment," a confessed judgment is not valid and binding and, therefore, a nonsuit may be taken because the matter has not been submitted to the trial court for decision. *AAA Disposal Servs.*, 267 Va. at 446, 593 S.E.2d at 263.