PRESENT: Lemons, C.J., Goodwyn, Powell, McClanahan, Kelsey, and McCullough, JJ., and Russell, S.J.

WESTLAKE LEGAL GROUP,
f/k/a PLOFCHAN & ASSOCIATES

OPINION BY
SENIOR JUSTICE CHARLES S. RUSSELL

v. Record No. 160013

April 13, 2017

EILEEN FLYNN

FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
Jeanette A. Irby, Judge

This is an appeal by an attorney from an award of sanctions against him arising out of his efforts to collect fees and costs from a client. We affirm the award.

FACTS AND PROCEEDINGS

In November of 2008, Eileen Flynn (the "client") entered into a written "representation agreement" with Plofchan & Associates, later known as Westlake Legal Group, a law firm practicing in Loudoun County (the "attorney"), for legal services to be rendered to her in a domestic relations case. The agreement provided for hourly fee rates for services by lawyers and legal assistants and for the client's responsibility for costs and expenses. It also provided that in the event the firm should be required to institute legal proceedings against the client for sums due under the agreement, the firm would be its own attorney and the client would be responsible for its fees in collection proceedings at a $400 hourly rate.

This appeal arises out of an additional provision of the agreement wherein the client agreed that in the event she did not pay any bill from the attorney within 45 days of the billing, her entire account would be due and accrue interest at an annual rate of 18%. Thomas K. Plofchan, Jr. or Kathryn G. Plofchan were appointed her attorney-in-fact to confess judgment

against her in any Virginia circuit court for the entire unpaid balance due under the agreement. The confessed-judgment clause contained the warning required by Code § 8.01-433.1.

On April 30, 2014, the attorney, then using the name Westlake Legal Group, billed the client for $8,910.07. On June 5, 2014, the attorney billed the client for an additional $550. Both bills were addressed to the client at an address in Purcellville, Virginia. On the next day, June 6, 2014, Thomas K. Plofchan, Jr., as attorney in fact for the client, filed a confession of judgment against her in the clerk's office of the Circuit Court of Loudoun County in the amount of $9,460.07, with interest at 18% from April 30, 2014. The confessed judgment showed the client's address as "21804 Cresent [sic] Park Square, Broadlands, VA 20148." The clerk entered an order of judgment and issued a certified copy of the order for service by the sheriff on the client in compliance with the provisions of Code § 8.01-438. On June 10, 2014, the sheriff returned the papers to the clerk marked "not found." The return contained the notation "misspelled street address." It is undisputed that no copy of the judgment was ever served on the client.

On March 18, 2015, the attorney filed a garnishment suggestion against the client, this time giving her address as "2221 Hunters Run Dr., Reston, VA 20191."[1] The suggestion claimed a debt of $11,997.97 and identified the garnishee as the client's employer in Ashburn, Virginia. The clerk issued a garnishment summons that was served upon both the client and her employer.

---

[1] Despite the differing addresses appearing in the documents contained in the record, the attorney's opening brief on appeal states, "The Clerk . . . had the Sheriff serve a copy of the Garnishment Summons on Flynn at the exact address given to the Clerk to serve the confessed judgment order."

The client obtained new counsel and moved the court to enter an order declaring the confessed judgment void *nunc pro tunc* because of failure to serve it on her as required by Code § 8.01-438. The attorney moved to suffer a voluntary nonsuit. The client moved the court for an award of monetary sanctions in the form of recovery of her new counsel's fees. At a hearing on September 4, 2015, the court entered four orders: (1) granting the nonsuit, (2) quashing the confessed judgment *nunc pro tunc*, (3) ordering payment to the client of all sums held by the clerk by reason of the garnishment, and (4) pursuant to Code § 8.01-271.1, awarding sanctions in the amount of $1,805 to be paid by the attorney to the client as reasonable expenses she incurred by reason of the garnishment proceedings. We awarded the attorney an appeal of the order granting sanctions.

ANALYSIS

A question of law is presented by an assertion that a court improperly asserted jurisdiction. We review such questions de novo. *Glasser & Glasser, PLC v. Jack Bays, Inc.*, 285 Va. 358, 369, 741 S.E.2d 599, 604 (2013). On appellate review of the imposition of sanctions imposed under Code § 8.01-271.1, we apply an abuse of discretion standard based upon objective reasonableness. *Shebelskie v. Brown*, 287 Va. 18, 26, 752 S.E.2d 877, 881 (2014).

The attorney presented six assignments of error. We awarded this appeal as to the first five and refused the sixth. Our holding on the first assignment of error is dispositive of the appeal for the reasons expressed below.

The attorney's first assignment of error is that the circuit court erred in asserting jurisdiction after it had "already entered an order dismissing the confessed judgment action . . .

3

which rendered the garnishment action moot."[2] The attorney argues on appeal that his voluntary nonsuit had the effect of depriving the court of jurisdiction: "Because the underlying judgment has been dismissed, the circuit court lost jurisdiction to enter a judgment in the garnishment action. Without jurisdiction, the court could not impose sanctions."

We find no merit in the attorney's argument. The court's authority to impose sanctions did not depend on the validity of the confessed judgment of September 4, 2015, when the sanctions were imposed. Indeed, the confessed judgment had then been void by operation of law for more than a year. Code § 8.01-438 provides in pertinent part:

> If a judgment is confessed by an attorney-in-fact, it shall be the duty of the clerk within ten days from the entry thereof to cause to be served upon the judgment debtor a certified copy of the order so entered in the common-law order book, to which order shall be appended a notice setting forth the provisions of § 8.01-433. The officer who serves the order shall make return thereof within ten days after service to the clerk. The clerk shall promptly file the order with the papers in the case. The failure to serve a copy of the order within sixty days from the date of entry thereof shall render the judgment void as to any debtor not so served.

Confessed judgments are creatures of statute in Virginia. Because they provide for judicial enforcement powers without the protections provided by the adversary judicial process, and to the extent they are in derogation of the common law,[3] such statutes are strictly construed.

---

[2] The record indicates that after the garnishment summons had been served, the client's new counsel appeared in the case by filing his motion to quash the confessed judgment. Nevertheless, the attorney, without giving notice to the client or her new counsel, sent his motion for nonsuit to the clerk accompanied by a draft order of nonsuit. The court evidently entered this order on September 1, 2015 without endorsement by new counsel. Three days later another copy of the nonsuit order was entered at the September 4 hearing, this time endorsed "objected to" by new counsel.

[3] In *Saunders v. Lipscomb*, 90 Va. 647, 652, 19 S.E.2d 450, 451 (1894), we observed that "[j]udgments entered for the plaintiff upon the defendant's admission of the facts and the law, were known to the common law and exist independently of statutes . . . ." That case, and the earlier authorities it cited, referred to fixed debts acknowledged by both creditor and debtor, not to contracts for future services of unknown extent. A construction of the confessed judgment statutes to include such claims would in our view be in derogation of the common law.

*See, e.g., Wetlands Am. Trust, Inc. v. White Cloud Nine Ventures, L.P.*, 291 Va. 153, 165, 782

S.E.2d 131, 138 (2016) (statutes in derogation of common law are subject to strict

interpretation); *Chacey v. Garvey*, 291 Va. 1, 10, 781 S.E.2d 357, 361 (2015) (same); *Isbell v.*

*Commercial Inv. Assocs., Inc.*, 273 Va. 605, 613, 644 S.E.2d 72, 75 (2007) (same); *Lansdowne*

*Dev. Co., L.L.C. v. Xerox Realty Corp.*, 257 Va. 392, 403, 514 S.E.2d 157, 162 (1999) (same);

*Chesapeake & Ohio Ry. Co. v. Kinzer*, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965) (same); *see*

*also Safrin v. Travaini Pumps USA, Inc.*, 269 Va. 412, 419, 611 S.E.2d 352, 356 (2005)

(observing that "[o]btaining a judgment by confession pursuant to Code § 8.01-432 is an

extraordinary remedy").  The above-quoted provisions of Code § 8.01-438 are clearly intended

to afford a debtor a limited opportunity to have a day in court to assert a defense to a creditor's

claim.  Those provisions are clearly self-executing.  The confessed judgment became void sixty

days after its entry on June 5, 2014 because of failure to serve a certified copy on the client.

Accordingly, neither the nonsuit nor the order declaring the judgment void *nunc pro tunc* had

any effect on the court's jurisdiction.

The court's jurisdiction to impose sanctions stands upon a different foundation.  Code

§ 8.01-271.1 provides, in pertinent part:

> The signature of an attorney or party constitutes a certificate by him that (i) he
> has read the pleading, motion, or other paper, (ii) to the best of his knowledge,
> information and belief, formed after reasonable inquiry, it is well grounded in
> fact and is warranted by existing law or a good faith argument for the
> extension, modification, or reversal of existing law, and (iii) it is not interposed
> for any improper purpose, such as to harass or to cause unnecessary delay or
> needless increase in the cost of litigation.
>
> . . . .
>
> If a pleading, motion or other paper is signed or made in violation of
> this rule, the court, upon motion or upon its own initiative, shall impose upon
> the person who signed the paper or made the motion, a represented party, or
> both, an appropriate sanction, which may include an order to pay to the other

5

party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper or making of the motion, including a reasonable attorney's fee.

The record before the circuit court at the hearing on September 4, 2015 contained evidence of facts clearly sufficient to establish jurisdiction to consider and award sanctions under this section. When the attorney filed the garnishment suggestion in March 2015, the sheriff's "not found" return on the certified copy of the confessed judgment had been in the clerk's records open to public view for over nine months. A few minutes of search would have revealed to the attorney that the judgment was void for failure to comply with Code § 8.01-438.[4] Making no such search, he proceeded with the garnishment of the client's wages.

The attorney's second and third assignments of error consist of claims that, even if it had jurisdiction, the circuit court abused its discretion in deciding to impose sanctions. We do not reach these assignments because they were not preserved for appeal. The arguments they contain were made for the first time in a document filed September 23, 2015 and captioned "Plaintiff's Written Objections to the Court's September 4, 2015 Ruling on Defendant's Motion for Sanctions and Motion to Reconsider." A motion to reconsider is insufficient to preserve an

---

[4] We note that the confessed judgment may have been void for a more fundamental reason. The confessed judgment was entered pursuant to Code § 8.01-432, which provides that "[any] person *being indebted* to another person" may personally or by his attorney-in-fact, confess judgment in favor of his creditor whether suit be pending or not. (Emphasis added.) The following section provides for setting such judgments aside on "any ground that would have been an adequate defense to an action brought on the creditor's *note, bond or other evidence of debt upon which such judgment was confessed.*" Code § 8.01-433 (emphasis added). This language supports the conclusion that Code § 8.01-432 was intended to apply to debts that were fixed, liquidated, and acknowledged by both debtor and creditor when executing the contract containing the confessed judgment provision. The section would therefore not apply to a contract for future services, when no debt yet existed and its amount could not yet be known. *See Little v. Dyer*, 27 N.E. 905, 907 (Ill. 1891); *cf. Safrin*, 269 Va. 412, 611 S.E.2d 352 (question not decided because barred by Rule 1:1). In the present case, that question was never presented to the circuit court and we therefore do not decide it here.

argument not previously presented unless the record establishes that the court had an opportunity to rule on the motion. *Brandon v. Cox,* 284 Va. 251, 256, 736 S.E.2d 695, 697 (2012). The record contains no indication that the motion was ever heard or decided, or that a hearing was ever requested thereon. The court never entered an order modifying, suspending or vacating the sanctions order of September 4. It therefore became final and beyond the control of the circuit court 21 days after its entry. Rule 1:1.

The attorney's fourth assignment of error states only that the circuit court abused its discretion by awarding sanctions "[w]here (a) Flynn's pleadings were not necessarily nor reasonably grounded in law and (b) the Attorney's Fees were unsubstantiated." The attorney's argument fails to identify any legal deficiency in the client's pleadings and we perceive none. The record shows that the client's new counsel presented an affidavit to the court specifying the hours devoted to the case and his charges therefor. The court did not abuse its discretion in basing its award of sanctions upon this affidavit. We therefore find the fourth assignment of error to be without merit.

The argument made by the attorney's fifth assignment of error was never presented to the circuit court and is thus barred by Rule 5:25.

CONCLUSION

The attorney had a duty imposed upon him by Code § 8.01-271.1 not to file any pleading, motion or other paper unless he had read it, and to the best of his knowledge, information and belief *formed after reasonable inquiry* it was well grounded in fact and warranted by law. He filed a suggestion in garnishment to divert the client's wages in an effort to enforce a judgment that had been void by operation of law for more than a year, a situation a reasonable inquiry would have disclosed. His breach of that duty resulted in harm to the client consisting of

7

attorney's fees, costs and expenses including those incurred by reason of the attorney's meritless appeal to this Court. We will accordingly affirm the judgment of the circuit court and remand the case to that court with direction, after due notice and hearing, to impose such additional sanctions as the court finds appropriate to recompense the client's additional expenses, including reasonable attorney's fees, incurred by reason of this appeal.

*Affirmed and remanded*.