# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Tuesday the 16th day of June, 2020.*

BEFORE: Lemons, C.J., Goodwyn, Powell, and McCullough, JJ., and Koontz, S.J.

Timothy M. Barrett,                                                                    Appellant,

  against       Record No. 181670
                Court of Appeals No. 1250-16-3

Valerie Jill Rhudy Minor,                                                              Appellee.


From the Court of Appeals of Virginia


In this appeal, Timothy M. Barrett challenges the judgment of the Court of Appeals affirming the trial court's (1) denial of a series of motions filed by Barrett, (2) determination of a reasonable amount of attorney's fees to award Valerie Jill Rhudy Minor, which she incurred during litigation related to the custody and visitation of Barrett's and Minor's children, and (3) award of $6,300 in additional fees to Minor. Minor moves to dismiss the appeal, arguing the jurisdictional statement in Barrett's petition for appeal is insufficient under Rule 5:17(c)(2) and that the appeal does not involve the requisite substantial constitutional question or a matter of significant precedential value, as required by Code § 17.1-410(B). Barrett opposes the motion to dismiss, asserting that the entirety of his petition for appeal constitutes a sufficient statement for purposes of Rule 5:17(c)(2) and that, in any event, this Court has jurisdiction to consider his appeal under the Supremacy Clause in the United States Constitution. Barrett also moves for sanctions to be imposed on Minor. On February 12, 2020, we issued a Rule to Show Cause against Barrett, directing him to show cause why this Court should not sanction him pursuant to

Code § 8.01-271.1. For the reasons stated below, we grant the motion to dismiss, deny Barrett's motion for sanctions, and sanction Barrett pursuant to Code § 8.01-271.1.

Pursuant to Code § 17.1-410(A)(3) and (B), the Court of Appeals' decision in this case is final and "without appeal to the Supreme Court" unless the decision "involves a substantial constitutional question as a determinative issue or matters of significant precedential value." Further, under Rule 5:17(c)(2), Barrett's petition for appeal must include "a statement setting forth in what respect the decision of the Court of Appeals" presents an issue that satisfies this statutory prerequisite to our considering his appeal ("jurisdictional statement"). "If the petition for appeal does not contain such a statement, the appeal will be dismissed." Rule 5:17(c)(2)(ii).

Although Barrett claims he has provided a jurisdictional statement that satisfies our rules, his statement in its entirety asserts: "This appeal from the Court of Appeals (COA) involves both substantial constitutional questions as determinative issues as well as matters of significant precedential value as argued below." Because it fails to set forth "in what respect" the decision of the Court of Appeals involves a substantial constitutional question as a determinative issue or matter of significant precedential value, the jurisdictional statement does not satisfy Rule 5:17(c)(2). Accordingly, we grant Minor's motion to dismiss the petition for appeal.

Upon further consideration whereof, the Court concludes additional sanctions are warranted against Barrett pursuant to Code § 8.01-271.1. As a preliminary matter, we note that we have authority to sanction Barrett even though his appeal must be dismissed. *See Davis v. Commonwealth*, 282 Va. 339, 339 (2011) (Rule of Court that prescribes dismissing appeal establishes "a mandatory procedural requirement and that the failure to comply with this requirement deprives the Court of its active jurisdiction to consider the appeal"). It is well established that the Court, as we do here, "always has jurisdiction to determine whether it has . . .

2

jurisdiction." *Parrish v. Fed. Nat'l Mortg. Ass'n*, 292 Va. 44, 52 (2016) (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). When assuring ourselves of our jurisdiction, we must necessarily review the parties' filings, like Barrett's petition for appeal. *See Rutter v. Oakwood Living Ctrs. of Va., Inc.*, 282 Va. 4, 13 (2011) (recognizing that exercising jurisdiction to determine jurisdiction sometimes "requires analysis of the merits of an issue"). All such filings are subject to the certification requirements of Code § 8.01-271.1 and may form the basis for sanctions when they violate those requirements, even when our ultimate conclusion is that we lack active jurisdiction over the appeal. *See Cahill v. Cahill*, Record No. 130308 (Va. Apr. 18, 2013) (unpublished order) (dismissing petition for appeal for lack of jurisdiction, Code § 17.1-410(A)(3) and (B), and imposing sanctions); *cf. Westlake Legal Grp. v. Flynn*, 293 Va. 344, 351 (2017) (concluding that neither of circuit court's orders granting party's voluntary nonsuit and declaring confessed judgment void prevented court from imposing sanctions because court's authority to do so "stands upon a different foundation," Code § 8.01-271.1).

Turning to why Barrett's conduct merits sanctions, a litigant's signature on a pleading certifies he:

> (i) . . . has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Code § 8.01-271.1. If a litigant signs and files a pleading that is not factually and legally well-grounded or seeks to achieve an improper purpose, a "court, upon motion or upon its own initiative, shall impose . . . an appropriate sanction." *Id.*

This appeal is Barrett's third consecutive appeal from a decision of the Court of Appeals that warrants dismissal because his petition for appeal does not set forth *in what respect* the

3

Court of Appeals' decision involves either a substantial constitutional question as a determinative issue or a matter of significant precedential value. *See Barrett v. Commonwealth*, Record No. 151084; *Barrett v. Minor*, Record No. 150969. Our prior two dismissal orders informed Barrett, a former attorney, of the requirements of Rule 5:17(c)(2). However, despite these advisements, Barrett again has disregarded the rule. Thus, we conclude the appeal is not well grounded in, or warranted by, existing law. Instead, and for reasons more fully explained below, this appeal appears interposed for improper purposes, namely to harass Minor, cause unnecessary delay, and needlessly increase the cost of Barrett's and Minor's litigation. Accordingly, we conclude Barrett has violated the certification provisions of Code § 8.01-271.1.

Code § 8.01-271.1 makes clear that, if violated, the court "shall impose" an appropriate sanction. Such sanctions may include reasonable attorney's fees and costs. Code § 8.01-271.1; *see N. Va. Real Estate v. Martins*, 283 Va. 86, 105 (2012). Minor's counsel has submitted a declaration to this Court, setting forth the attorney's fees and costs incurred in defending this action, totaling $1,260. Barrett does not challenge the reasonableness of these fees and costs, and we conclude Barrett's paying them is an appropriate sanction.

Further, in appropriately sanctioning Barrett, we must "protect [this Court's] jurisdiction from repetitious and harassing conduct that abuses the judicial process." *Madison v. Bd. of Supervisors*, 296 Va. 73, 76 (2018). One tool for accomplishing this objective is a pre-filing injunction, which requires a litigant "to obtain permission from the court before filing other cases or appeals." *Id.* We examine four factors to determine whether such an injunction is warranted:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

4

*Id.* at 77 (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004)); *see*

*Adkins v. CP/IPERS Arlington Hotel LLC*, 293 Va. 446, 451-54 (2017) (adopting four-factor

*Cromer* test).

As to the first and second factors—Barrett's history of filing vexatious, harassing, or

duplicative litigation and whether Barrett had a good faith basis for pursuing that litigation—this

appeal marks the latest in a long series of habitually frivolous litigation Barrett has initiated

against Minor and others as part of a years-long effort to contest child custody, visitation, and

support orders. In this Court alone, Barrett has filed seven appeals from the Court of Appeals or

the circuit courts that asserted more than seventy-seven assignments of error. Of the multitude of

issues raised in those appeals, Barrett has prevailed on only one, which was unrelated to the

substance of a domestic relations issue. Further, of Barrett's prior appeals, four were dismissed

because he failed to invoke this Court's jurisdiction. Specifically, we dismissed two because

Barrett did not provide a sufficient jurisdictional statement under Rule 5:17(c)(2), and we

dismissed two because he could not demonstrate that the Court of Appeals' decision "involved a

substantial constitutional question as a determinative issue or matters of significant precedential

value." *See* Code § 17.1-410(A)(3) and (B). Additionally, in 2016, we dismissed a petition for a

writ of prohibition because Barrett improperly sought to use the extraordinary writ as a substitute

for appealing the validity of sanctions the Court of Appeals and the trial court awarded against

him. The inescapable conclusion is that Barrett has brought these appeals and original

jurisdiction proceedings not in good faith but, instead, to needlessly harass the opposing parties

and increase the cost and burden of litigation.

Barrett's history of vexatious conduct toward Minor and other parties is not limited to

this Court. *See EE Mart F.C., L.L.C. v. Delyon*, 289 Va. 282, 287 n.2 (2015) (noting that,

5

although Code § 8.01-271.1 sanctions are limited to the present case, evidence of similar frivolous suits "may be highly probative" in determining whether sanctions are warranted). For example, in Barrett's 2011 appeal regarding his child support obligations, the Court of Appeals awarded attorney's fees to Minor, concluding that, despite prevailing on one issue, Barrett's "essentially twenty-seven assignments of error" were "largely without merit" and "his arguments are largely frivolous, misstate the law, and misread the statutes. Additionally, four of his assignments of error are repeated verbatim from another of his pending appeals." *Barrett v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't*, Record No. 1382-10-3, 2011 WL 3055400, at *8 (Va. Ct. App. July 26, 2011). Similarly, the Court of Appeals awarded attorney's fees to Minor in Barrett's 2015 appeal regarding custody and visitation of their children, again concluding Barrett's "essentially nineteen assignments of error" were "frivolous, misstate the law, and misread statutes." *Barrett v. Minor*, Record No. 0173-14-3, 2015 WL 2189966, at *8 (Va. Ct. App. May 12, 2015). As the Court of Appeals observed in the present case, the central issue in dispute is a determination of the amount of attorney's fees to award Minor, "a question often resolved in the trial court with a few routine filings. Instead, [Barrett]'s zeal for litigation on even such a simple question necessitated multiple hearings, hundreds of pages of briefing and motions, and over three years of delay." *Barrett v. Minor*, Record No. 1250-16-3, 2018 WL 5259267, at *13 (Va. Ct. App. Oct. 23, 2018). Indeed, Barrett's proclivity for frivolous arguments and harassing conduct over the years of litigation arising from his and Minor's divorce has cost him his license to practice law. *See Barrett v. Va. State Bar*, 277 Va. 412, 418-19 (2009) (affirming revocation of Barrett's law license because, in part, his "persistently and repeatedly" asserted argument "that he is no longer required to support his children [because Minor had been awarded custody] is completely frivolous"); *Barrett v. Va.*

6

*State Bar*, 272 Va. 260, 273 (2006) (disciplining Barrett for making a frivolous claim, calling opposing counsel as an adverse witness in the divorce proceeding merely to harass or injure another, and issuing a witness subpoena for no other purpose than to compel the witness to waive a lien); *Barrett v. Va. State Bar*, 269 Va. 583, 599-600 (2005) (disciplining Barrett for filing frivolous pleadings, harassing opposing counsel, and threatening opposing counsel with disciplinary complaints in an effort to gain an advantage in a civil matter).[*] Accordingly, despite admonitions by this Court and the Court of Appeals to comply with basic court rules and desist from harassing conduct, Barrett's vexatious filings have persisted.

As to the third factor—the burden on the courts and other litigants—Barrett's actions over many years clearly have necessitated a considerable expenditure of resources by the trial and appellate courts, Minor, and the other targets of his often baseless litigation.

Finally, as to the fourth factor—the adequacy of alternative sanctions—although monetary sanctions have been awarded previously to compensate Minor for certain expenses incurred in this and other cases, it is clear those sanctions have not deterred Barrett from continued misconduct. Nor, even, has Barrett's loss of his license to practice law deterred his improper filings. Accordingly, we conclude a pre-filing injunction is necessary, and Barrett shall be prohibited from filing in this Court any petition for appeal, motion, pleading, or other paper against Minor without (1) obtaining the services of a practicing Virginia attorney, whose filings

---

[*] Further, Barrett was quoted as telling Minor following their separation in 2001:

> I am prepared for the fight . . . I will avail myself of every substantive law and procedural and evidentiary rule in the books for which a good faith claim exists. This means that you, the kids and your attorney will be in Court . . . weekly. . . . You are looking at attorney's expenses that will greatly exceed $10,000. . . . I will also appeal . . . every negative ruling.

*Barrett*, 269 Va. at 589.

7

would be subject to Code § 8.01-271.1, or (2) obtaining leave of this Court to file any pro se pleading. *See Madison*, 296 Va. at 77-78; *Adkins*, 293 Va. at 451-54. Although this injunction is presently limited to Barrett's litigation against Minor, who appears to be the most consistent target of his vexatious litigation, we may revisit the scope of this injunction in the future if circumstances warrant. *See Madison*, 296 Va. at 77 ("[T]he injunction must be narrowly tailored to fit the specific circumstances at issue.").

For these reasons, we grant Minor's motion to dismiss the above-styled appeal under Rule 5:17(c)(2), deny Barrett's motion for sanctions, enter judgment for Minor in the amount of $1,260, and instruct the Clerk to comply with this order as it pertains to future filings by Barrett.

This order shall be published in the Virginia Reports and certified to the Court of Appeals of Virginia and to the Circuit Court of the City of Bristol.

Justices Mims, Kelsey, and Chafin took no part in the resolution of this case.

A Copy,

Teste:

Douglas B. Robelen, Clerk

8