COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, Athey and Senior Judge Clements

RUSSELL LEROY MARS

                                                    MEMORANDUM OPINION*
v.      Record No. 0637-20-3                              PER CURIAM
                                                         MAY 11, 2021
DIANE ELIZABETH MARS

                FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
                            Marcus H. Long, Jr., Judge

            (Jacob E. Smith; Cordell Law LLP, on briefs), for appellant.

            (H. Gregory Campbell, Jr.; Campbell & Ackerman, on brief), for
            appellee.


        Russell Leroy Mars (husband) appeals the circuit court's order denying his motion for

reconsideration. Husband argues that the circuit court erred in denying his motion for

reconsideration and finding that the spousal support order was a final order. Husband also asserts

that the circuit court erred in modifying the tax status of the spousal support payments because "the

issue of modification of spousal support had not been pled" and Diane Elizabeth Mars (wife) had

not provided him with notice of the issue. Upon reviewing the record and briefs of the parties, we

conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the

circuit court. See Rule 5A:27.

---

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

"We view the facts in the light most favorable to the prevailing party below, granting to it the benefit of any reasonable inferences; we review issues of law *de novo*." Wyatt v. Wyatt, 70 Va. App. 716, 718 (2019).

In January 2018, the circuit court entered a final decree of divorce and a support order. The circuit court ordered husband to pay $2,250 per month for spousal support, $836.44 per month for child support, and $100 per month toward the arrearages totaling $31,129.75.

Wife subsequently filed a "Motion for Order to Show Cause" and alleged that husband had not complied with the circuit court's previous orders. Specifically, she claimed that he had not fully paid his obligations for spousal support, child support, the children's unreimbursed medical expenses, and support arrearages. Wife also alleged that husband had not paid her for her interest in the marital vehicles, marital personal property, marital debt, and marital home, as previously ordered by the circuit court. Lastly, she requested an award of attorney's fees because she had incurred fees to prepare the qualified domestic relations orders after husband had failed to do so.

On August 13, 2019, the circuit court entered an order finding that husband had not complied with its previous orders. The circuit court entered an income withholding order for the monthly spousal support and a "temporary arrearage amount." In addition, the circuit court ordered husband to pay a portion of wife's attorney's fees. The circuit court continued the matter for a "determination of total spousal support arrearages and determination of the remaining unfulfilled obligations of [husband] for which additional discovery has been requested by counsel."

On November 22, 2019, the parties appeared before the circuit court. The circuit court found that husband owed $75,640.88 in arrearages and ordered him to pay $500 per month

- 2 -

toward the arrearages in addition to his spousal support payment of $2,250 per month. The circuit court further held that spousal support was "not deductible by the payer [sic] spouse or includable in the income of the receiving spouse." After the hearing, the circuit court entered several orders, including an order memorializing its rulings, a support order, an income withholding order, and an order permitting husband's counsel to withdraw. In its order memorializing its rulings, the circuit court noted that the matter was continued "for determination of . . . how to address [the] remaining obligations of [husband] ordered in the Final Decree of Divorce but unfulfilled by [him]."

On December 11, 2019, husband filed a motion for reconsideration and asked the circuit court to stay the enforcement of the support order. The circuit court did not enter an order staying or suspending the support order. On March 16, 2020, the parties appeared before the circuit court. The circuit court denied husband's motion for reconsideration after finding that the support order was a final order and the circuit court no longer had jurisdiction. This appeal followed.

ANALYSIS

*Final order*

Husband argues that the circuit court erred in denying his motion for reconsideration. He contends that there were "outstanding issues yet to be heard" with respect to the rule to show cause, so the circuit court retained jurisdiction to reconsider the support order. Husband further asserts that by having a hearing on his motion for reconsideration, the circuit court "inherently recognized . . . that it retained jurisdiction over the Support Order at that time."

During the hearing on husband's motion for reconsideration, husband explained that he filed the motion because he questioned the arrearage amount and was unable to present all his evidence to the circuit court at the previous hearing. Wife argued that the support order was a

final order and was even marked as a final order. Husband emphasized that he had filed his motion for reconsideration within twenty-one days of the entry of the support order. The circuit court responded that the matter "has to be adjudicated within 21 days, not noticed." Husband then claimed that "you can read it either way in the statute as to how to adjudicate it, by that time or at least the motion filed, which is why I think we even had the hearing today." The circuit court disagreed and held that the motion had to be heard within twenty-one days of the entry of the final order. The circuit court later asked husband for his argument on why the support order was not a final order. Husband responded, "Well, I can't argue that it's not final because it's marked on there."

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a). "Neither 'the filing of post-trial or post-judgment motions, nor the trial court's taking such motions under consideration, *nor the pendency of such motions* on the twenty-first day after final judgment is sufficient to toll or extend the running of the twenty-one day time period of Rule 1:1.'" Wells v. Shenandoah Valley Dep't of Soc. Servs., 56 Va. App. 208, 213 (2010) (quoting Super Fresh Foods Mkts. of Va., Inc. v. Ruffin, 263 Va. 555, 560 (2002)). "The twenty-one-day period is only tolled after entry of a final order or judgment through entry of an order that 'expressly modifies, vacates, or suspends the judgment.'" Id. (quoting Ruffin, 263 Va. at 560); see also Coe v. Coe, 66 Va. App. 457, 468 (2016). No such order was entered in this case.

On appeal, husband argues that the circuit court had not ruled on all matters associated with the rule to show cause; therefore, "the door is still open for the trial court to reconsider it's [sic] ruling on the Support Order and any of the November 22, 2019 orders." After the

November 22, 2019 hearing, the circuit court entered four orders, one of which was the support order. The support order was marked as a final order.[1]

"A final order or decree for the purposes of Rule 1:1 'is one which disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order.'" Friedman v. Smith, 68 Va. App. 529, 538 (2018) (quoting de Haan v. de Haan, 54 Va. App. 428, 436-37 (2009)); see also Johnson v. Johnson, 72 Va. App. 771, 781 (2021). "The fact that an order is labeled as final is not dispositive on its finality; the order must, in fact, be final." de Haan, 54 Va. App. at 438.

At trial, husband argued that "just the mere fact that we are [here] today on this motion for reconsideration opens that door for us to revisit all of this on your discretion." However, the support order resolved the outstanding matters concerning the amount of arrearages owed and how the arrears would be paid. Accordingly, we agree with the circuit court that the support order was a final order.[2]

Moreover, husband conceded at trial that the support order was a final order. "A litigant is estopped from taking a position which is inconsistent with one previously assumed . . . in the course of litigation for the same cause of action . . . ." C. Farrell v. Warren Cnty. Dep't of Soc. Servs., 59 Va. App. 375, 414 (2012) (quoting Burch v. Grace St. Bldg. Corp., 168 Va. 329, 340 (1937)); see also Bethea v. Commonwealth, 297 Va. 730, 753 n.9 (2019) ("A litigant cannot be

---

[1] The circuit court entered another order stating that it was continuing the matter "for determination of . . . how to address remaining obligations of [husband] ordered in the Final Decree of Divorce but unfulfilled by [him]." Wife conceded that the order containing this language was not a final order, but the parties and the circuit court focused on the finality of the support order. Husband told the circuit court that "we are arguing the arrearage amount," which was established in the support order and not in the separate order continuing the matter.

[2] In his reply brief, husband argues that Code § 20-107.3(K) allows a circuit court "to make any additional orders necessary to effectuate and enforce" its previously entered orders. The provisions of Code § 20-107.3 refer to equitable distribution, not spousal support.

permitted to 'approbate and reprobate' by 'disavow[ing] on appeal the very argument [he] made at trial' because 'a litigant may not take successive positions in the course of litigation that are either inconsistent with each other or mutually contradictory.'" (quoting Babcock & Wilcox Co. v. Areva NP, Inc., 292 Va. 165, 204 (2016))).

Consequently, the support order was a final order and "beyond the control of the circuit court" at the time of the hearing on the motion to reconsider. Westlake Legal Grp. v. Flynn, 293 Va. 344, 352 (2017). Contrary to husband's arguments, the circuit court was without jurisdiction to modify the support order and did not err in denying husband's motion for reconsideration.

<em>Void ab initio</em>

Husband next argues that the support order was void *ab initio* based on lack of notice and due process. Husband contests the inclusion in the support order prohibiting him from deducting spousal support for tax purposes and claims that he had no notice that the tax deductions would be at issue. He asserts that because the support order is void *ab initio*, it can be collaterally attacked at any time.

"An order is void *ab initio* if entered by a court in the absence of jurisdiction of the subject matter or over the parties, if the character of the order is such that the court had no power to render it, or if the mode of procedure used by the court was one that the court could 'not lawfully adopt.'" Singh v. Mooney, 261 Va. 48, 51-52 (2001) (quoting Evans v. Smyth-Wythe Airport Comm'n, 255 Va. 69, 73 (1998)). "[A]n order that is void *ab initio* constitutes a legal nullity that is subject to challenge 'at any time,' including many years after its entry." Zedan v. Westheim, 60 Va. App. 556, 575 (2012) (quoting Singh, 261 Va. at 51). "If, however, the order is valid, and is merely voidable, strict timelines constrain a litigant's ability to correct any errors the trial court may have made." Id.

Here, the circuit court had jurisdiction over the subject matter as the court had the right to enforce its decree and modify spousal support. See Code §§ 20-109, -113, and -115. Husband was present at the November 22, 2019 hearing and presented evidence; therefore, the circuit court had jurisdiction over him, and he was not denied due process. "Once a court acquires jurisdiction over a person, the court retains jurisdiction over the person to carry the proceedings through to their conclusion." Zedan, 60 Va. App. at 577.

On appeal, husband argues that he did not have notice that "anything related to spousal support, besides arrears, was before the trial court during the course of hearings in 2019;" therefore, because he did not have notice that the tax deductions were subject to modification, he contends that the support order is void *ab initio*. This Court previously examined whether the lack of notice rendered an order void or voidable. Id. at 575-80. We considered "whether the failure to provide notice means that the character of the order was such that the court had no power to render it, or whether the court adopted a 'mode of procedure' that the court could not lawfully adopt." Id. at 577. In Zedan, the mother filed a bill of complaint seeking an annulment, and the father filed an answer. Id. at 565-66. The trial court entered a final decree of annulment without notice to the father. Id. at 566. Several years later, the father learned of the entry of the final decree of annulment when he was served with a rule to show cause for failure to pay child support. Id. The father argued that the trial court erred in entering the final decree of annulment without notice to him and that error made the decree void. Id. at 579. This Court concluded that the lack of notice rendered the order voidable, rather than void. Id. at 578-79.

Similarly, in this case, we find that any lack of notice about the tax deductions did not make the support order void *ab initio* because the circuit court had the "power to render it" and did not adopt an unlawful "mode of procedure." Id. at 577. As noted above, the support order

was a final order at the time of the hearing on husband's motion for reconsideration, and the provision regarding the tax deductions cannot now be collaterally attacked.

*Attorney's fees and costs*

Wife asks this Court to award her attorney's fees and costs incurred on appeal. <u>See</u> <u>O'Loughlin v. O'Loughlin</u>, 23 Va. App. 690, 695 (1996). "The decision of whether to award attorney's fees and costs incurred on appeal is discretionary." <u>Alwan v. Alwan</u>, 70 Va. App. 599, 613 (2019) (quoting <u>Friedman v. Smith</u>, 68 Va. App. 529, 545 (2018)). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the circuit court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal. Rule 5A:30(b).

CONCLUSION

For the foregoing reasons, the circuit court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the circuit court for determination and award of the appropriate appellate attorney's fees and costs, which also should include any additional attorney's fees incurred at the remand hearing.

<u>Affirmed and remanded.</u>