PRESENT:  All the Justices

TROY E. AYERS

v.  Record No. 201245

BROOKE ROAD, LLC

OPINION BY
JUSTICE TERESA M. CHAFIN
OCTOBER 21, 2021

FROM THE CIRCUIT COURT OF CAROLINE COUNTY
Sarah L. Deneke, Judge

Troy E. Ayers contends that the Circuit Court of Caroline County erroneously sustained

Brooke Road, LLC's demurrers to Ayers' complaints to vacate several confessed judgments.

For the following reasons, we reverse the circuit court's judgment and remand this case for

further proceedings.

I.  BACKGROUND

Between 2006 and 2008, Ayers and several other parties obtained a series of loans from

Union Bank & Trust Company.  Each of the promissory notes pertaining to these loans contained

a confession of judgment provision.  At some point, Ayers and the other parties defaulted on the

loans.  As a result, three confessed judgments were entered against Ayers and the other parties on

July 27, 2009.

A private process server submitted three affidavits regarding the service of the confessed

judgments on Ayers.  In pertinent part, the affidavits stated that the process server personally

served Ayers with certified copies of the confessed judgments in Orange, Virginia, on August

12, 2009.

Union Bank & Trust Company assigned the confessed judgments against Ayers to

Brooke Road, LLC ("Brooke Road"), on June 7, 2018.  Brooke Road subsequently attempted to

enforce the confessed judgments, filing a complaint against Ayers in the Circuit Court of Caroline County. Ayers was served with Brooke Road's complaint on July 5, 2019.

On August 28, 2019, Ayers filed a complaint to vacate the confessed judgments. With leave from the circuit court, Ayers filed an amended complaint on November 20, 2019. In the amended complaint, Ayers alleged that he did not have any notice of the confessed judgments until he was served with Brooke Road's complaint. Ayers further alleged that he was never served with copies of the confessed judgments, and that the process server's affidavits regarding the alleged service were either "false or incorrect." Quoting Code § 8.01-438, Ayers noted that a confessed judgment is "void as to any debtor not . . . served" within 60 days of the entry of the judgment. Therefore, Ayers claimed that the confessed judgments at issue were invalid.

Brooke Road filed a demurrer to Ayers' amended complaint, contending that Ayers' claims were barred by the provisions of Code § 8.01-433. Brooke Road maintained that Code § 8.01-433 provides the only "procedural mechanism available to a debtor to set aside a judgment by confession under Virginia law." Brooke Road observed that Code § 8.01-433 allows a confessed judgment to be vacated under certain circumstances when a debtor files a motion "within [21] days following notice to him that such judgment has been entered." Brooke Road argued that Ayers' claims were untimely because his initial complaint was not filed within 21 days of July 5, 2019, the date that Ayers received notice of the entry of the confessed judgments.

The circuit court sustained Brooke Road's demurrer but granted Ayers leave to file a second amended complaint. Consequently, Ayers filed a second amended complaint on April 30, 2020.

In his second amended complaint, Ayers argued that the confessed judgments are void ab initio under the terms of Code § 8.01-438. Again, Ayers alleged that he was never served with certified copies of the confessed judgments. Ayers asserted that the process server "knowingly falsified" the affidavits pertaining to the alleged service. Ayers also observed that the process server had previously been convicted of fifteen felonies that involved "lying, stealing, and cheating," and Ayers listed the process server's prior convictions in the complaint.

Ayers alleged that the process server could not have personally served him on August 12, 2009, in Orange, Virginia, because Ayers was visiting friends in Naples, Florida, on that date. Ayers claimed that he was in Florida from August 9, 2009, through August 14, 2009, and he attached several affidavits to the complaint to support this allegation.

Brooke Road filed a demurrer to Ayers' second amended complaint, arguing that the 21-day deadline set forth in Code § 8.01-433 barred Ayers' claims. Brooke Road again argued that Ayers should have filed his initial complaint within 21 days of the date that he received notice of the confessed judgments.

The circuit court issued an opinion letter regarding Brooke Road's demurrer to the second amended complaint on June 25, 2020. The circuit court observed that Code § 8.01-438 "requires service of [a] confessed judgment within [60] days of the date of entry or the judgment is void." The circuit court then observed that Ayers' second amended complaint alleged that he was never served with copies of the confessed judgments at issue. Accordingly, the circuit court concluded that Ayers' second amended complaint stated a valid cause of action under Code § 8.01-438.

Nevertheless, the circuit court sustained Brooke Road's demurrer based on the application of Code § 8.01-433. The circuit court noted that Code § 8.01-433 "provides 21 days

3

to set aside a confessed judgment after notice of the judgment has been received." The circuit court then observed that Ayers' second amended complaint acknowledged that Ayers received "actual notice of the 2009 confessed judgments when he was served with a separate suit . . . on July 5, 2019." Thus, the circuit court determined that Ayers should have filed a complaint to set aside the confessed judgments by July 26, 2019. As Ayers filed his initial complaint on August 28, 2019, the circuit court determined that the complaint was untimely under Code § 8.01-433.

Upon sustaining Brooke Road's demurrer, the circuit court dismissed the second amended complaint with prejudice and struck the case from its docket. This appeal followed.

## II. ANALYSIS

Ayers contends that the circuit court erred when it sustained Brooke Road's demurrers to the amended complaints. Ayers notes that both complaints alleged that Ayers was never served with certified copies of the confessed judgments. Therefore, Ayers argues that the allegations of the amended complaints established that the confessed judgments are void ab initio under Code § 8.01-438.

Furthermore, Ayers contends that the provisions of Code § 8.01-433 do not prevent him from challenging the validity of the confessed judgments. Ayers argues that he may challenge the void ab initio judgments at any time, notwithstanding the 21-day deadline set forth in Code § 8.01-433.

On appeal, we review a circuit court's decision sustaining a demurrer de novo. *EMAC, L.L.C. v. County of Hanover*, 291 Va. 13, 20 (2016). Likewise, we conduct a de novo review of issues of statutory interpretation. *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007). "When reviewing an order granting a demurrer, we accept as true all factual

4

allegations expressly pleaded in the complaint and interpret those allegations in the light most favorable to the claimant." *Parker v. Carilion Clinic*, 296 Va. 319, 330 (2018).

Code § 8.01-438 addresses the service requirement that arises when an attorney-in-fact enters a confessed judgment on behalf of a debtor. In pertinent part, Code § 8.01-438 states:

> If a judgment is confessed by an attorney-in-fact, it shall be the duty of the clerk within [10] days from the entry thereof to cause to be served upon the judgment debtor a certified copy of the order so entered in the common-law order book, . . . . *The failure to serve a copy of the order within [60] days from the date of entry thereof shall render the judgment void as to any debtor not so served.*

(Emphasis added.)

The provisions of Code § 8.01-438 are "self-executing." *Westlake Legal Group v. Flynn*, 293 Va. 344, 350 (2017). Therefore, a confessed judgment is rendered void ab initio by operation of law when a certified copy of the confessed judgment is not timely served on the judgment debtor. *See* Code § 8.01-438; *Westlake Legal Group*, 293 Va. at 349-51.

In the present case, Ayers' amended complaints expressly alleged that Ayers was never served with certified copies of the confessed judgments. Although the complaints acknowledged that affidavits from a private process server stated that Ayers was personally served with copies of the confessed judgments in Virginia on August 12, 2009,[1] the complaints asserted that these

---

[1] Pursuant to Code § 8.01-326, "[n]o return shall be conclusive proof as to service of process. The return of a sheriff shall be prima facie evidence of the facts therein stated, and the return of a qualified individual under subdivision 2 of [Code] § 8.01-293 shall be evidence of the facts stated therein." We have held that the return of service "gives rise to a rebuttable presumption that the paper served, or knowledge of it, has actually reached the person sought to be served," but that "[a] person sought to be served may, of course . . . produce[ ] evidence sufficient to rebut th[is] presumption." *Bellis v. Commonwealth*, 241 Va. 257, 261 (1991). Here, Ayers did not make a bare assertion of non-receipt of the process; rather, he alleged that he had evidence impeaching the credibility of the process server. Ayers also attached affidavits from third parties corroborating his assertion that personal service could not have been achieved as indicated in the return of service because he was not then present in the Commonwealth. Under

5

affidavits were "incorrect," "false," and "fraudulent." The second amended complaint

challenged the credibility of the private process server by listing his prior felony convictions.

Additionally, the second amended complaint alleged that Ayers was visiting friends in Florida on

the alleged date of service.

When accepted as true, the allegations of the amended complaints plainly establish that

Ayers was never served with certified copies of the confessed judgments at issue. Therefore, the

amended complaints stated a cause of action under Code § 8.01-438. If certified copies of the

confessed judgments were not served on Ayers within 60 days of the date that the judgments

were entered, the confessed judgments are void ab initio by operation of law. *See* Code § 8.01-

438; *Westlake Legal Group*, 293 Va. at 349-51.

The circuit court acknowledged that the second amended complaint stated a valid claim

under Code § 8.01-438. The circuit court, however, erroneously determined that the provisions

of Code § 8.01-433 prevented Ayers from challenging the confessed judgments.

In pertinent part, Code § 8.01-433 states:

> Any judgment confessed under the provisions of [Code] § 8.01-
> 432 may be set aside or reduced upon motion of the judgment
> debtor made within [21] days following notice to him that such
> judgment has been entered against him . . . , on any ground which
> would have been an adequate defense or setoff in an action at law
> instituted upon the judgment creditor's note, bond or other
> evidence of debt upon which such judgment was confessed.

The provisions of Code § 8.01-433 do not apply to Ayers' challenge to the confessed

judgments. Because Ayers asserted that the confessed judgments are void ab initio pursuant to

---

the standard of review that applies on demurrer, we conclude that Ayers' allegations sufficiently
rebut the presumption recognized in *Bellis*.

6

Code § 8.01-438, he could challenge the validity of the confessed judgments more than 21 days after he received notice of their entry.

In general, a judgment that is void ab initio is regarded as a "complete nullity." *See, e.g.*, *Singh v. Mooney*, 261 Va. 48, 52 (2001). A debtor may attack a confessed judgment that is void ab initio in any "valid direct or collateral proceeding where the voidness of the order is properly at issue." *Bonanno v. Quinn*, 299 Va. 722, 736-37 (2021).

Moreover, Rule 1:1 does not apply when a party challenges a void ab initio judgment.[2] *See Singh*, 261 Va. at 52. Accordingly, a debtor may file a motion or complaint to vacate a void ab initio confessed judgment more than 21 days after the judgment has been entered. *See Bonanno*, 299 Va. at 737. Furthermore, a debtor may challenge a void ab initio confessed judgment more than 21 days after the debtor receives notice of the entry of the judgment. *See Pate v. Southern Bank & Trust Co.*, 214 Va. 596, 598 (1974).

The provisions of Code § 8.01-433 apply when a debtor seeks to set aside a confessed judgment "on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond or other evidence of debt upon which [the] judgment was confessed." Code § 8.01-433. Thus, the 21-day deadline set forth in Code § 8.01-433 applies when a debtor asserts a substantive defense to the liability arising from the note, bond, or other instrument underlying a confessed judgment. In contrast, the 21-day deadline does not apply when a debtor contends that a confessed judgment itself is void ab initio. *See Pate*, 214 Va. at 598.

---

[2] In pertinent part, Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Rule 1:1(a).

A contrary interpretation of Code § 8.01-433 would lead to an illogical result, which it is "incumbent upon [us] to avoid reaching." *Lawson v. Doe*, 239 Va. 477, 482 (1990). Under Brooke Road's reading of the statute, a debtor would essentially revive a void ab initio judgment if the debtor failed to challenge the judgment in a timely manner. A litigant, however, "cannot resurrect a void judgment." *See McCulley v. Brooks & Co. Gen. Contractors, Inc.*, 295 Va. 583, 590 (2018). When a judgment is void ab initio, "no action upon the part of the plaintiff [and] no inaction upon the part of the defendant, . . . can invest it with any of the elements of power or of vitality." *Staunton Perpetual Bldg. & Loan Co. v. Haden*, 92 Va. 201, 207 (1895) (internal quotation marks omitted).

In the present case, Ayers argued that the confessed judgments are void ab initio because he was never served with certified copies of the judgments. Ayers could assert this claim at any time, notwithstanding the 21-day deadline set forth in Code § 8.01-433.

We conclude that the circuit court erred when it sustained Brooke Road's demurrers based on the application of the provisions of Code § 8.01-433. When taken as true, the allegations of the amended complaints are sufficient to establish that the confessed judgments are void ab initio pursuant to Code § 8.01-438. Under these circumstances, Ayers may challenge the validity of the confessed judgments more than 21 days after he received notice of their entry.

### III. CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court and remand this case for further proceedings.

*Reversed and remanded.*

8