COURT OF APPEALS OF VIRGINIA

Present:  Judges Malveaux, Raphael and Senior Judge Petty
Argued by teleconference

**PUBLISHED**

JAMES DAVID WATWOOD

                                                 OPINION BY
v.        Record No. 1148-22-2                   JUDGE MARY BENNETT MALVEAUX
                                                     FEBRUARY 6, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Edward A. Robbins, Jr., Judge

James David Watwood, *pro se*.

Craig W. Stallard, Senior Assistant Attorney General II (Jason S.
Miyares, Attorney General, on brief), for appellee.


James David Watwood ("appellant") challenges the circuit court's order denying his motion to vacate his conviction as void ab initio and imposing a filing injunction against him as a sanction for violating Code § 8.01-271.1.  Appellant contends that his criminal conviction was a result of extrinsic fraud, rendering it subject to attack at any time.  For the reasons stated below, we dismiss the appeal but reverse and remand the order imposing the sanction.

## I.  BACKGROUND

A jury convicted appellant of six counts of forcible sodomy, six counts of object sexual penetration, and two counts of indecent liberties.  By final order entered on December 15, 2017, the circuit court sentenced him to 88 years' imprisonment, consistent with the sentence fixed by the jury.  Appellant's appeals to this Court and the Supreme Court of Virginia were unsuccessful.  *See Watwood v. Commonwealth*, No. 0298-18-2 (Va. Ct. App. Mar. 11, 2019) (order); *Watwood v. Commonwealth*, No. 190459 (Va. Aug. 27, 2019) (order).

On June 21, 2022, appellant filed a motion to vacate a void judgment in the circuit court, with an accompanying brief in support of his motion and exhibits. He argued that the circuit court's judgment was void because he was not provided a preliminary hearing on earlier arrest warrants before the charges were nolle prossed in the juvenile and domestic relations district court ("JDR court"), which he claimed violated his speedy trial rights. Thus, he asserted that the nolle pros was procured by "extrinsic fraud" on the JDR court and was therefore void ab initio. He further asserted that because the nolle pros order[1] was void, it followed that the indictments upon which he was convicted were also void ab initio because he had already been discharged from prosecution. He also argued that Rule 1:1 did not apply to his motion because void orders are subject to attack at any time.

In an order dated July 7, 2022, the circuit court denied appellant's motion to vacate, finding his claims were "frivolous." The circuit court further found that appellant had violated Code § 8.01-271.1 and held that it would not "entertain any further *pro se* pleadings from [appellant] of any kind concerning this matter, for any other matter, or any future litigation not yet commenced." The circuit court directed the clerk "to file any subsequent *pro se* pleadings with the case papers and take no further action." The court noted that "[t]he courthouse is not closed to [appellant]. He may advance any meritorious claims and causes desired by and through qualified Virginia counsel appearing as counsel of record for him."

This appeal followed.

## II. ANALYSIS

On appeal, appellant challenges both the circuit court's substantive ruling on the motion to vacate and the imposition of the sanction against future *pro se* filings.

---

[1] Neither the original warrants nor the nolle pros order appear in the record.

## A. Motion to Vacate

Whether a circuit court has jurisdiction over a particular matter is a question of law that this Court reviews de novo. *Reaves v. Tucker*, 67 Va. App. 719, 727 (2017). "Jurisdiction . . . is the power to adjudicate a case upon the merits and dispose of it as justice may require." *Pure Presbyterian Church of Washington v. Grace of God Presbyterian Church*, 296 Va. 42, 49 (2018) (alteration in original) (quoting *Shelton v. Sydnor*, 126 Va. 625, 629 (1920)). "[F]or a court to have the authority to adjudicate a particular case upon the merits," it must possess subject matter jurisdiction. *Id.* "'Jurisdiction of the subject matter can only be acquired by virtue of the Constitution or of some statute,' and it 'refers to a court's power to adjudicate a class of cases or controversies.'" *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019) (first quoting *Pure Presbyterian Church*, 296 Va. at 56; and then quoting *In re Commonwealth*, 278 Va. 1, 11 (2009)).

"All final judgments, orders, and decrees, irrespective of terms of court, remain under the control of the trial court and may be modified, vacated, or suspended for twenty-one days after the date of entry, and *no longer*." Rule 1:1(a) (emphasis added). When addressing challenges to otherwise final judgments based on an alleged fraud on the court, our Supreme Court has long distinguished between *intrinsic* fraud and *extrinsic* fraud in determining whether the judgment is actually void or merely voidable. "[T]he judgment of a court, procured by *extrinsic* fraud, *i.e.*, by conduct which prevents a fair submission of the controversy to the court, is *void* and subject to attack, direct or collateral, at any time." *State Farm Mutual Auto. Ins. Co. v. Remley*, 270 Va. 209, 218 (2005) (quoting *Jones v. Willard*, 224 Va. 602, 607 (1983)). "Judgments that are void . . . may be attacked in any court at any time, directly or collaterally, and thus are not encompassed by Rule 1:1." *Rook v. Rook*, 233 Va. 92, 95 (1987). By contrast, "the judgment of a court, procured by *intrinsic* fraud, *i.e.*, by perjury, forged documents, or other incidents of trial

- 3 -

related to issues material to the judgment, is *voidable* by direct attack at any time before the judgment becomes final." *State Farm*, 270 Va. at 218 (quoting *Jones*, 224 Va. at 607). Claims of intrinsic fraud render a judgment merely voidable and, thus, subject to Rule 1:1. *See Singh v. Mooney*, 261 Va. 48, 54 (2001). Moreover, "the presence or absence of good cause [to support a nolle pros] in [an] earlier proceeding cannot be collaterally reviewed by the trial court in a subsequent proceeding." *Duggins v. Commonwealth*, 59 Va. App. 785, 794 (2012).

Appellant's claim for relief rests on allegations of *intrinsic* fraud: the allegedly false or misleading representation to the JDR court concerning "good cause" for the nolle pros. His allegations are of intrinsic fraud because they are "directly related to the issues actually determined" in the JDR court. *Rowe v. Big Sandy Coal Corp.*, 197 Va. 136, 143 (1955). These allegations, even if proven, would render the judgment merely voidable, not void ab initio as appellant suggests, and only then until the judgment became final under Rule 1:1. The circuit court entered final judgment in appellant's case on December 15, 2017. The circuit court, therefore, lacked jurisdiction under Rule 1:1(a) to grant appellant relief, because he filed his motion to vacate on June 21, 2022, long after that rule's twenty-one-day timeframe had expired.

"[A] court always has jurisdiction to determine whether it has subject matter jurisdiction." *Pure Presbyterian*, 296 Va. at 50 (quoting *Morrison v. Bestler*, 239 Va. 166, 170 (1990)). But "[o]nce a court determines that it lacks subject matter jurisdiction, 'the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Id.* (quoting *Ex Parte McCardle*, 74 U.S. 506, 514 (1869)). Where "the trial court lacked jurisdiction to consider appellant's motion," we "lack jurisdiction to consider [an] appeal regarding the denial of that motion." *Minor v. Commonwealth*, 66 Va. App. 728, 742-43 (2016). Here, because the circuit court lacked jurisdiction to consider appellant's motion to vacate, we too lack jurisdiction to consider his appeal related to that motion and must dismiss his appeal.

- 4 -

B. Sanction

Though the circuit court lacked jurisdiction to consider appellant's motion, its authority to sanction appellant is both inherent and statutory. It is true that "a court's orders, entered in a case over which it has no subject matter jurisdiction, 'are absolute nullities' . . . ." *Virginian-Pilot Media Cos., LLC v. Dow Jones & Co.*, 280 Va. 464, 469 (2010) (quoting *Barnes v. American Fertilizer Co.*, 144 Va. 692, 705 (1925)). However, "[t]he court's jurisdiction to impose sanctions stands upon a different foundation." *Westlake Legal Grp. v. Flynn*, 293 Va. 344, 351 (2017). "[A] trial court's authority to award sanctions under Code § 8.01-271.1 is triggered by the filing of a pleading, motion, or other paper or making of a motion in violation of the statute . . . ." *EE Mart F.C., L.L.C. v. Delyon*, 289 Va. 282, 286 (2015). The power that courts have "to 'protect [their] jurisdiction from repetitious and harassing conduct that abuses the judicial process'" is both "statutory and inherent." *Gordon v. Kiser*, 296 Va. 418, 424 (2018) (alteration in original) (quoting *Adkins v. CP/IPERS Arlington Hotel LLC*, 293 Va. 446, 452-53 (2017)). We therefore have jurisdiction to review the merits of appellant's assignment of error related to the sanction, because even though the circuit court lacked jurisdiction to consider appellant's motion to vacate, it had jurisdiction to consider and award sanctions under Code § 8.01-271.1. *See Westlake Legal Group*, 293 Va. at 351 (concluding that the record contained evidence "clearly sufficient to establish jurisdiction to consider and award sanctions under" Code § 8.01-271.1 even though the circuit court's order granted a party's voluntary nonsuit and declared a confessed judgment void); *see also Barrett v. Minor*, 299 Va. 27, 28 (2020) (noting that an appellate court has the ability to sanction an appellant based on filings that violate Code § 8.01-271.1 "even when our ultimate conclusion is that we lack active jurisdiction over the appeal").

"[A] court's imposition of a sanction will not be reversed on appeal unless the court abused its discretion in 1) its decision to sanction the litigant, or 2) in the court's choice of the particular sanction employed." *Switzer v. Switzer*, 273 Va. 326, 331 (2007). Virginia courts apply the four factors in *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004), to guide their consideration of whether to impose a pre-filing injunction under Code § 8.01-271.1. *Adkins*, 293 Va. at 452; *Barrett*, 299 Va. at 30; *Gordon*, 296 Va. at 425; *Madison v. Bd. of Supervisors*, 296 Va. 73, 77 (2018).

> In determining whether a prefiling injunction is substantively warranted, a court must weigh all the relevant circumstances, including (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Adkins*, 293 Va. at 452 (quoting *Cromer*, 390 F.3d at 818). Courts imposing "restrictive measures . . . have recognized that orders restricting a litigant's access to the courts must be narrowly tailored to prevent the specific problem encountered." *Switzer*, 273 Va. at 332. This is true "even if the [*Cromer*] factors are all met and a prefiling injunction is merited." *Adkins*, 293 Va. at 452. "Absent this narrowing, a prefiling injunction, like any other injunction, will not survive appellate review." *Id.* (quoting *Cromer*, 390 F.3d at 818). And "[a]lthough the remedies imposed by various courts often differ, appellate courts generally are in agreement that courts may not completely prohibit future pro se filings by litigants who have filed repeated frivolous cases or motions." *Switzer*, 273 Va. at 333.

Here, while maintaining that "[t]he courthouse is not closed to [appellant]," the circuit court has effectively closed its doors by refusing to "entertain any further *pro se* pleadings from [appellant] of any kind concerning this matter, for any other matter, or any future litigation not yet commenced." There is no indication that the circuit court applied all four *Cromer* factors in

imposing this sanction.  Further, the circuit court's refusal to entertain *pro se* pleadings "for any other matter, or any future litigation not yet commenced" is not narrowly tailored to the specific problem encountered because it reaches a wide swath of potential circumstances beyond this case.  The sanction completely prohibits future *pro se* filings, which courts may not do under *Switzer*.  The circuit court thus abused its discretion in the choice of sanction employed.  We reverse and remand to the circuit court only that portion of its order imposing this sanction, so it may consider the *Cromer* factors and narrowly tailor the sanction to prevent the specific problems it has encountered in this case.

### III.  CONCLUSION

The circuit court lacked subject matter jurisdiction to grant the relief appellant sought.  Accordingly, the appeal is dismissed and the case is remanded to the circuit court with instructions to vacate the July 7, 2022 order and dismiss appellant's motion to vacate.  However, upon review of the sanction imposed, we reverse and remand to the circuit court the portion of its order sanctioning appellant against any future *pro se* filings, with instructions to reconsider the sanction in light of the four *Cromer* factors and to narrowly tailor the sanction to the circumstances of this case.

*Appeal dismissed; order for sanctions reversed and remanded.*